CASE 21—PETITION EQUITY—JANUARY 21.

# Taylor vs. Gilpin, &c,

APPEAL FROM MEADE CIRCUIT COURT.

A purchaser of property under a decretal sale does not acquire any independent right by his purchase, until after the same has been approved by the chancellor. He is simply an accepted or preferred bidder; and whether his bid or proposal will be approved, depends upon the sound equitable discretion of the court having control of the cause. (3 *Dana*, 614; 2 *B. Mon.*, 410; 5 *Ib.*, 494.)

Where a person having general authority from the payee of a note to collect the same, proceeds in the name of the payee as plaintiff to enforce a lien upon the property for which the note was executed, third persons, not cognizant of any limitation upon the power of the person prosecuting the suit, will be shielded from responsibility to the plaintiff, and protected in any rights they may acquire under the judgment, as purchasers of the property.

See the opinion for a case in which, on account of the inadequacy of price, and the peculiar circumstances attending the transaction, detailed in the opinion, a decretal sale was set aside upon a petition by the plaintiff filed before the sale was reported for confirmation by the commissioner.

J. W. KINCHELOE, for appellant, cited 3 *Dana,* 620.

JOHN C. WALKER, on same side, cited 3 *John. Chy. Rep.*, 291; 3 *Dana*, 620; 7 *Dana*, 390; 2 *B. Mon.*, 410; 2 *Met.*, 552.

THOS. B. FAIRLEIGH, for appellees, cited 5 *Dana*, 15; *Story on Agency*, sections 126, 127, 130, 131.

WINTERSMITH, for Jones and Fairleigh, cited *Forman vs Hunt,* 3 *Dana; Howell's heirs vs. McCreery,* 7 *Dana; Busey vs. Hardin,* 2 *B. Mon.; Dale vs. Shirley,* 5 *B. Mon.*

CHIEF JUSTICE STITES DELIVERED THE OPINION OF THE COURT:

A suit was brought in the name of appellant against Gilpin on a note for $200—the first installment of the purchase money for a house and lot—to enforce the vendor's lien for its payment. Judgment was had, directing a sale of the property, which was made by the master in chancery, and one Jones bought at the price of $92 14—a trifle more than one-sixth in value of the property sold, as admitted in the record.

Before the sale thus made was reported for confirmation, appellant brought a separate action to set it aside and for other relief, upon the grounds (1) that he had authorized neither the

original suit nor the sale of the property, and had no notice of either; and (2) that the price was grossly inadequate—and in consequence of the same, and the insolvency of his vendee, Gilpin, he would lose the residue of his purchase money— about $700.   To this proceeding he made Fontaine—who had caused the original suit to be brought—Jones, the purchaser, Fairleigh, who claimed under Jones, and Gilpin, parties defendant.

Fontaine answered that he had authority to cause the suit to be brought, in order to collect the debt for the payment of notes which he held on Taylor, and that the note on Gilpin had been placed in his hands for that purpose.   He set up his own debts against Taylor, and asked judgment over against him for the balance which was unpaid.

Jones and Fairleigh relied on their rights under the sale, claiming that it was fair, and for an adequate price, and made strictly in pursuance of the judgment.   They denied Taylor's right to question the authority of the attorney who brought the suit, and insisted that he was estopped by the record from relying either on that or want of notice.

Gilpin, in nowise, gainsays the allegations of Taylor, nor does he resist the application to set aside the sale.

Pending this controversy the master reported the sale complained of, and thereupon the two suits were consolidated and tried together.   The sale was confirmed; Taylor's petition was dismissed, and he required to pay to Fontaine the balance of his notes.   Of these orders he complains.

The first ground was clearly insufficient, because, aside from the implied authority of the attorney to bring the suit and prosecute the same, it is shown that Fontaine was authorized to collect the debt; and, as to third persons, not cognizant of any limitation upon his power, the general authority to collect was enough to shield them from responsibility to Taylor, and also to protect any rights they acquired under the judgment by their purchase.

But the second ground—that is, the inadequacy of price, and the peculiar circumstances attending the transaction—should, in our judgment, have prevailed against the sale.

For every practical purpose the action brought by Taylor—so far as it sought to set aside the commissioner's sale—should be deemed an exception to the report. It was begun before the report was filed, and was consolidated with the other case before the confirmation. All the parties interested in the sale were before the court, and no complaint can therefore be made of a want of notice or an opportunity to defend.

The application to the chancellor was not to disturb a sale which he had approved, but it was to reject a bid or proposal which had been offered. This court have, time and again, held that a purchaser of property, under a decretal sale, does not acquire any independent right by his purchase, until after the same has been approved by the chancellor. He is simply an accepted or preferred bidder; and whether his bid or proposal will be approved, depends upon the sound equitable discretion of the court having control of the cause. (3 *Dana*, 614; 2 *B. Mon.*, 410; 5 *B. Mon.*, 494.)

In this case it is admitted that there was a great sacrifice of the property—it having brought but a small fractional part of its real value. Gilpin's insolvency is not questioned, and the loss of the residue of the debt to Taylor is evident. Conceding that Taylor may be deemed to have had constructive notice of the pendency of the suit, it is not doubted that he was actually ignorant thereof, as well as of the sale. Indeed, in regard to the time of the sale, that, within the restrictions of the judgment, was to be fixed by the master, and, of course, Taylor could not be presumed to know when it was made, living as he did ninety miles from the place, and the judgment only requiring the same to be advertised in the county of Meade. Moreover, it is evident that there was a misunderstanding between Fontaine and Taylor as to the extent and scope of the authority of the former, which has resulted injuriously to the latter.

These facts, it seems to us, would have militated seriously, if not successfully, against the sale complained of, had it been already confirmed, but, when made known to the chancellor before the confirmation, furnished ample ground for rejecting Jones' proposal or bid for the property, and ordering a re-sale;

and in refusing to do this we think the court below erred to Taylor's prejudice.

The judgment in favor of Fontaine against Taylor is likewise erroneous in one respect: it fails to give to the latter credit for the amount received and credited by Fontaine upon the Gilpin debt—that is, $10, paid 10th November, 1857, and $25, credited on the 30th same month. Except for these amounts it is proper Fontaine should have a judgment for his notes on Taylor.

For the reasons stated the judgment is *reversed*, and cause remanded for further proceedings not inconsistent with this opinion.