## HOYT *v.* KIMBALL & a.

The power of compelling partition is incident to all estates held by tenants in common.

Whether certain words contained in a deed amount to a condition, or a limitation, or a covenant may be matter of construction depending on the contract.   The intention of the party to the instrument, when clearly ascertained, is of controlling efficacy.

But conditions, especially conditions subsequent, are not favored in law, and must be *strictly* construed, because they tend to destroy estates ; and if it be doubtful whether a clause in a deed imports a condition or a covenant, the latter construction will be adopted.

Tenants in common were seized of certain premises by virtue of a deed of conveyance which contained the following clause : "Provided however, and this conveyance is made upon the express condition that every building erected on said premises, except sheds and out-buildings, shall be built of brick or stone and the roof slated ; and that every building that shall be placed on the premises, except sheds and other out-buildings appertaining to the main building, shall be built fronting on said street, so that only one row of main buildings shall be erected between said street and the passageway in the rear thereof.   And in case any building shall be erected thereon in breach of this condition, the said manufacturing company, by their agent, servant or assigns, may enter and abate the same without being liable to any action of trespass therefor."   At the time of said conveyance and of

the subsequent petition for partition of the premises, there was standing thereon at connected block of buildings covering the whole front thereof on said street, and built according to the provisions contained in said clause of the deed. *Held*, that the petitioner for partition was entitled to partition of the premises ; and that, after partition, a breach by one tenant of the covenant or condition expressed in the deed would not subject all the land conveyed by the same deed to forfeiture ; and that if one of the tenants holding in severally should erect any building on the premises, contrary to the prohibition of the deed, the party having the right to "enter and abate the same" might do so, without destruction of or inteference with the property or rights of the other owners of the estate.

PETITION for partition between tenants in common. The defendants filed pleas, as follows : "And now the said Kimball and Rowell come and defend, &c. ; and say that the said Hoyt was not on the day of the exhibition of his said petition, nor has he been at any time since, nor is he now seized of one undivided third part, nor of any share or proportion of the said premises in common and undivided as he has in his said petition alleged, and thereof put themselves on the country."

"And for further plea in this behalf, the said Kimball and Rowell say that the said Hoyt ought not to have partition of the said premises, because they say that on the 5th day of September, A. D. 1844, the Amoskeag Manufacturing Company were seized in fee of the land described in said petition, and on that day by their deed of that date, a copy whereof duly certified is here in court produced, conveyed a certain part of the same land to Jacob F. James, and on the the same day by their other deed, a like copy whereof is here in court produced, conveyed the residue of said land to John A. Burnham and William G. Means ; that each of said deeds of the said company was made subject to the following conditions therein contained, to wit.:    Provided however, and this conveyance is made upon the express condition that every building erected on said premises, except sheds and out-buildings, shall be built of brick or stone and the roof slated, and that every building that shall be placed on the premises, except sheds and other out-buildings appertaining to the main building shall be built fronting on said street so that only one row of main buildings shall be erected between said street and the passage-way in the rear thereof.    And in case any building shall be erected thereon, in breach of this condition, the said manufacturing company by their agent, servant or assigns, may enter and abate the same without being liable to any action of trespass therefor.

That on the 21st day of March, A. D. 1866, William Amory had become and was seized in fee of all the premises whereof partition is prayed, by virtue of sundry conveyances from prior owners thereof, under the title derived from the said company, as aforesaid, by their said deeds, and subject to the condition aforesaid in the same contained ; and on the same day, the said Amory, by his deed of that

date, conveyed the same premises to the said Hoyt and these defendants, subject to the same conditions.

That at the time of the purchase aforesaid from the said Amory, there was standing on the premises, and still is, a connected block of buildings covering the whole front thereof on said street, and built according to the condition aforesaid, in the said deeds contained.

That the said Hoyt and these defendants, hold and claim the premises under the said deeds from the said company, and by no other title, and subject to the said condition in said deeds contained.

And this they are ready to verify, wherefore they pray judgment, whether the said Hoyt ought to have partition of the said premises, as in his said petition is prayed."

The defendants joined issue upon the first plea, and demurred generally, to the second.

*S. N. Bell*, for the petitioner.

*I. Perley* and *H. Foster*, for the defendants.

FOSTER, J.   Althouth it is suggested by the petitioner's counsel that, for aught that appears, the property may be divided in three equal separate parts, it is also admitted that, when divided, each will be taken, by the party to whom it is assigned, subject to the stipulations contained in the deeds.   It is said that the " partition may be had in the same way that it might be made, if the property were subject to a mortgage, attachment, or other lien, where the incumbrance was one for which all the parties were equally bound.   Gen. Stat. ch. 228, sec. 19; *Kelley* v. *Kelley*, 41 N. H. 501."

On the other hand, the defendants' contend that the nature of the estate held by the parties here, is such that partition cannot be enforced by legal process.   The validity of the conditions in the deeds of the Amoskeag Company, under which these tenants all derive their title, is not contested by the petitioner.   And the defendants' assume that on the breach of the conditions, the company may enter and defeat the title conveyed by the deeds.

It is said there can be no partition of land by legal process, where tenants in common or joint tenants covenant that there shall be no division, or where they hold on condition that there shall be no division.   And this position is fully sustained by the case of *Hunt* v. *Wright*, 47 N. H. 396.   But it has been held that where tenants in common covenanted that a certain part of the premises should forever remain to be occupied by them and their heirs and assigns as a yard, it was no bar to having a partition of the premises; but the right to this occupation, in the nature of an easement, would remain after, as before the partition.   *Fisher* v. *Dewerson*, 3 Met. 544.

And it is undoubtedly true that in many instances a covenant or condition may be implied, without express stipulation, from the nature of the estate conveyed, and the manifest purposes and intentions of the parties.   *Hunt* v. *Wright*, before cited; *Greenwood* v.

*The Wilton Railroad,* 23 N. H. 261; 1 Washb. on Real Property
(3d Ed.) 426, 430; Ccm. Dig. Covenant A. 4.

And the defendants' take the position that "there can be no
apportionment of the condition; and a breach of it on any part of
the land will subject all the land conveyed in the same deed to for-
feiture. If, therefore, partition should be made in this case, any one
holding part of the land in severalty, by violating the condition,
would subject to forfeiture land conveyed in the same deed and
assigned to the other tenants in common; and would put it in the
power of one tenant in common, by what he did on his own land, to
destroy the title of another man to land which he held in severalty."
"By taking a title in common to land held under such a condition,"
say the defendants, "the right cannot be implied to obtain such a
power over another man's land by the legal process of partition."

Therefore, they contend that the parties bought this estate under
an implied covenant and condition that no partition should be made.
And especially, since, as appears by the plea, which for the purposes
of this case is assumed to state the facts as they exist, the premises
at the time the parties purchased, were, as they now are, covered by
one connected range of buildings, (and it is said that partition of
such property would be attended with great inconvenience), the fair
legal inference is that the condition of immunity from division
attached to their purchase, and the property must have been bought
with that understanding.

Whatever may have been the actual understanding of the parties
(and such understanding, when clearly ascertained, would probably
be of controlling efficacy. *Johnson* v. *Valentine,* 4 Sandf. 36;
*Woodruff* v. *Water Power Co.,* 2 Stockton 489), the argument from
implication of intention might have controlling force, if the premise
upon which the subsequent reasoning of the argument is constructed,
namely, that a breach of the covenant or condition contained in the
deeds under which these parties derive title, works a forfeiture of the
estate, is a sound foundation, for the argument. But it is unneces-
sary to indulge in speculation upon this point. Let us examine the
defendants' proposition.

The deeds of the Amoskeag Company contain this clause: "Pro-
vided however, and this conveyance is made upon the express
condition." (Then follow certain specifications as to the construction,
location and character of the buildings which may subsequently be
erected on the premises.) "And in case any building shall be
erected thereon, in breach of this condition, the said manufacturing
company, by their agent, servant or assigns, may enter and abate the
same, without being liable to any action of trespass therefor."

Now, although the recitals of this clause are, by the conveyance,
expressly denominated, a "condition," they will not be held to have
that arbitrary and technical effect and meaning, if such effect and
meaning shall be found to be contrary to the intention of the parties
or the policy of the law. The form of language will not necessarily
control the sense, but will receive such an interpretation as circum-

stances and equity, under those circumstances, may require.    And if it is doubtful whether a clause in a deed be a condition or a covenant, courts will incline against the former construction.    " If a condition be broken," says Chancellor Kent, " the landlord may indulge his caprice, and even malice, against his tenant, without any certain relief; but equity will not enforce a covenant embracing a hard bargain ; and, at law, there can be no damages without an injury. Whether the words amount to a condition or a limitation, or a covenant, may be matter of construction depending on the contract.    The intention of the party to the instrument, when clearly ascertained, is of controlling efficacy ; though conditions and limitations are not readily to be raised by mere inference and argument."  4 Kent Com. *132.    And although the words usually employed in creating a condition are " *upon condition*," as in this case, (and this, says Lord Coke, (203 *a*,) is the most " expressive and proper " term,) yet the words " upon condition " would not seem to have greater force than the words " *provided, or " provided always* ;" and " the word *promise*," says Lord Coke, "shall be also ' taken as a limitation or qualification, and sometime it shall amount to a covenant."    Co. Litt. 203 *b; Litt.* secs. 325 — 330 ; Bac. Ab. Conditions H.    The distinctions on this subject, says Chancellor Kent, are extremely subtle and artificial ; and the construction of a deed, as to its operation and effect, will, after all, depend less upon artificial rules than upon the application of good sense and sound equity to the object and spirit of the contract in the given case."  4 Kent. Com. *132 ; Shep. Touch. 163 ; Platt on Covenants 72 ; Com. Dig. Condition A, 2 ; *Hunt* v. *Wright*, 47 N. H. 401 ; *Stanley* v. *Colt*, 5 Wall. 119.

The terms " on condition," " provided always," &c., are apt words to create, and would ordinarily imply, a condition,—" And," says Mr. Washburn," other words make a condition, if there be added a conclusion with a clause of re-entry ; or, without such clause, if they declare, that if the feoffee does or does not do such an act, his estate shall cease or be void,"—indicating clearly that the clause of re-entry or declaration that in a certain event the estate shall cease, are very important expressions to be considered in giving a construction to the instrument.    And again, the learned author declares that " what will or will not constitute a condition in a deed, is often a matter of nice construction by courts.    2  Washb. Real Prop. 3 ; *Wheeler* v. *Walker*, 2 Conn. 201.

But it is a general principle and rule that conditions, especially conditions subsequent, are not favored in law, and must be strictly construed, "because they tend to destroy estates, and a vigorous exaction of them is a species of *summum jus*, and in many cases hardly reconcilable with conscience."  4 Kent's Com. 129 ; 2 Washb. R. P. 6 ; and if it be doubtful whether a clause in a deed imports a condition or a covenant, the latter construction will be adopted.    1 Washb. R. P. 421 ; *Wheeler* v. *Dascomb*, 3 Cush. 285 ; "and," says the Touchstone, "such conditions annexed to an estate, as go in defeasance and tend to the destruction of estates, being odious

in law, are taken, (that is construed or expounded,) strictly, and shall not be extended beyond their words, unless it be in some special cases." And in *Lynde* v. *Hough*, 27 Barb. 415, it was held that the extent and meaning of a condition, and the fact of a breach, are questions *strictissimi juris*; and a plaintiff, to defeat an estate of his own creation, must bring the defendant clearly within its letter.

And Shaw, C. J., in *Merrifield* v. *Cobleigh*, 4 Cush. 184, where the owner of land made a deed with the condition, that whenever the grantee, his heirs or assigns, shall neglect or refuse to support a fence, the deed shall be void says "such a condition when relied on to work a forfeiture, is to be construed with great strictness. The demandant shall have his exact legal right, but no more." And see *Spear* v. *Fuller*, 8 N. H. 174; *Emerson* v. *Simpson*, 43 N. H. 475 : *McQueston* v. *Morgan*, 34 N. H. 400; *Chapin* v. *School District*, 35 N. H. 445; *Dumpor's case*, 4 Co. 119; 1 Smith L. C. 15.

Applying these principles and considerations to the present case, and waiving the suggestion of the plaintiff that the condition, if it be one, is one which can be taken advantage of only by the Amoskeag Company, what is the fair construction of the clause in question in the deeds of the company? What was the true intent and meaning of the parties to the contract?

There is no provision for re-entry for the purpose of revesting the title. There is no provision, in terms, that upon breach of the condition or covenant the estate of the grantee shall cease; but there is the express stipulation, which would be wholly unnecessary if by force of the term condition and by operation of law, the estate was forfeited, (and which is wholly inconsistent with the idea of a forfeiture,) that "in case any building shall be erected thereon, in breach of this condition, the said manufacturing company, by their agent, servant or assigns may enter *and abate the same*, without being liable to any action of trespass therefor."

There could be no occasion to stipulate for immunity against an action of trespass, if the estate were forfeited, for then the grantor could enter in his own right and title and abate the nuisance or not, as he pleased. Thus the grantor, by express terms has prescribed the right and remedy reserved to himself, as a consequence of a breach of the condition or covenant, (if either of these terms is appropriate,) contained in the deed.

And therefore, in case of partition, if one of these parties, holding in severally, shall erect any building upon the premises contrary to the prohibition of the deed, the party having the right to "enter and abate the same," may do so, without destruction of or injury to or interference with the property or rights of the other owners of the estate. He has the same remedy, by virtue of the reservation and stipulation in his deed, that he would have by force of a judgment at law for the abatement of a nuisance, and every such judgment must be according to the circumatances of the case. And, says Lord Ch. J. Raymond, in *Rex* v. *Pappineau*, Str. 688, "regularly, the judgment ought to be to abate so much of the thing as

makes it a nuisance. If a house be built too high, so much of it as is too high shall only be pulled down." Bouv. Law Dict,, Abatement; 9 Co. 53; 3 Bl. Com. 5.

We are of the opinion, therefore, that the second plea of the defendants does not disclose any legal bar to the plaintiff's right of partition, either in equity or in law. In all the states of this country, as well as in England, the power of compelling partition is incident to all estates held by tenants in common. 1 Washb. R. P. 581. In this state it is a matter of right. *Morrill* v. *Morrill*, 5 N. H. 136. And it is no answer to a petition for that purpose, that partition cannot be made without great inconvenience. In the present case the inconvenience is not apparent; but if it should become so to the committee who may have the matter in charge, their powers, under the exercise of their judgment and the provisions of chap. 228, § 25 of the Gen. Stats, will probably be found to be sufficient to obviate the difficulty, and to effectuate substantial justice and equity between the parties.

*Demurrer sustained.*