RUTH W. ROBERTS *vs.* RUTH A. A. JONES.

Hampshire.        September 18, 1940. — December 4, 1940.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Partition. Tenants in Common. Contract,* Validity, To postpone partition. *Restraint on Alienation. Real Property.*

An agreement under seal between two tenants in common of real estate, having no stated term of duration and providing in substance that, if either tenant desired to sell his interest to a purchaser, the second tenant should have thirty days in which to "accept said purchaser

under the same terms and conditions as the parties hereto may be bounden at the time being," or himself purchase at the price offered by the purchaser, or offer to sell his share at the same or a less price, in which event the tenant desiring to sell might either buy at that price and sell to another purchaser, procure another purchaser for the second tenant's interest, or "have the original purchaser buy both shares," was invalid as imposing an unreasonable restraint on alienation and did not bar maintenance of a petition for partition by one of the parties to it.

PETITION FOR PARTITION, filed in the Probate Court for the county of Hampshire on May 10, 1938.

From a decree entered after a hearing by *Welch,* J., the respondent appealed.

The case was submitted on briefs.

*D. D. O'Brien,* for the respondent.

*A. J. Morse & A. D. Morse,* for the petitioner.

RONAN, J.   The parties, at the time of their purchase in 1923 of certain premises in Amherst as tenants in common, entered into an agreement under seal providing for the care, management and sale of the property and containing the following provision: "In the event that either party hereto desires to sell or otherwise dispose of their interest in the said property, then that party shall first offer to sell to the other party, and the other party being unwilling to accept such offer, then the party desiring to sell shall procure a bona fide purchaser, and the other party shall then have thirty days in which to either: a) Accept said purchaser under the same terms and conditions as the parties hereto may be bounden at the time being, b) or purchase themselves at the price said purchaser has agreed upon, c) or offer to sell his share also at the same or lessor [*sic*] price, in which event the party desiring to sell may, 1) Either buy at that price and sell to another party.   2) Procure a second purchaser for that other's share.   3) Or have the original purchaser buy both shares." The petitioner, without complying with the terms of this agreement, filed a petition for partition.   The respondent set up the agreement as a bar.   The judge ruled that the agreement did not prevent the granting of the petition and entered a decree for partition and sale.   The respondent appealed.

It has been frequently stated as a general rule that every cotenant is entitled as a matter of right to a partition, and that one cannot be required to hold a tenancy in common against his consent. *Mitchell* v. *Starbuck,* · 10 Mass. 5. *Potter* v. *Wheeler,* 13 Mass. 504. *Crocker* v. *Cotting,* 170 Mass. 68. *O'Brien* v. *Mahoney,* 179 Mass. 200. *Cronan* v. *Cronan,* 286 Mass. 497.

The effect of an agreement between tenants in common to hold their land for a certain period has not been recently considered by this court. *Black* v. *Tyler,* 1 Pick. 150. *Fisher* v. *Dewerson,* 3 Met. 544. *Crocker* v. *Cotting,* 170 Mass. 68, 69. This court, like those in other jurisdictions, has upheld and enforced testamentary provisions prohibiting or postponing partition for a reasonable period of time. *Gerard* v. *Buckley,* 137 Mass. 475. *McLaughlin* v. *Greene,* 198 Mass. 153. *Rayhol Co.* v. *Holland,* 110 Conn. 516. *Chew* v. *Sheldon,* 214 N. Y. 344. See 85 Am. L. R. 1321. Am. Law Inst. Restatement: Property, § 173.

We assume in favor of the respondent and in accordance with the great weight of authority that a tenant in common may bind himself by agreement from asserting any right to partition, and that such an agreement if extending for only a reasonable time is not contrary to public policy and operates by way of waiver or estoppel to prevent the maintenance of partition proceedings. *Smith* v. *Brasseale,* 213 Ala. 387. *Rayhol Co.* v. *Holland,* 110 Conn. 516. *Hardin* v. *Wolf,* 318 Ill. 48. *Friesner* v. *Friesner,* 193 Iowa, 576. *Avery* v. *Payne,* 12 Mich. 540. *Springer* v. *Bradley,* 188 S. W. 175 (Mo.). *Roberts* v. *Wallace,* 100 Minn. 359. *Hunt* v. *Wright,* 47 N. H. 396. *Spaulding* v. *Woodward,* 53 N. H. 573. *Yglesias* v. *Dewey,* 15 Dick. (N. J.) 62. *Brown* v. *Coddington,* 72 Hun, 147. *Smith* v. *Smith,* 214 App. Div. (N. Y.) 383. *Etnier* v. *Pascoe,* 275 Penn. St. 308. *Peck* v. *Cardwell,* 2 Beav. 137. *LaCoste* v. *Duchesnay,* [1924] A. C. 166. Freeman (2d ed.) Cotenancy & Partition, § 442. Tiffany (2d ed.) Real Property, § 474.

The agreement was executed at the time the property was purchased, nearly fifteen years before the filing of the present petition. The premises have been occupied by the

parties and their families, but, as time went on, their relations have become somewhat strained. The agreement fixes no time for its duration. It not only purports to bind the parties while they remain coöwners but it may extend to successive purchasers of the interest of each of the parties. If either party desired to sell, she was required to offer to sell to the other party. The latter was not required to purchase on the terms offered and, if she declined, the party desiring to sell must then find a customer for her share. The judge found that the petitioner did not make a reasonable and diligent effort to procure a *bona fide* purchaser in accordance with the agreement. But, by the terms of the agreement, the customer must not only be willing to purchase the petitioner's one half undivided interest in the property but he must in addition be willing to purchase subject to the obligations of the agreement in reference to the subsequent sale of his interest. The party not desiring to sell had thirty days after she was notified that a purchaser had been found to accept him "under the same terms and conditions as the parties hereto may be bounden at the time being," or to purchase herself at the price that the customer was to pay. It was optional with this tenant whether she would accept the purchaser or buy the share of the selling tenant. If she accepted the purchaser he became bound by the terms of the agreement in selling his share. The party not desiring to sell can thus extend the agreement to successive purchasers. The alienation of the property may be restricted over a long period of years. As a practical matter, the situation is not much different from what it would have been if the agreement expressly provided that there could be no sale without the consent of all tenants in common. The agreement unduly restricts the alienation of the property for an unreasonable length of time. Accordingly, it does not come within the general rule that an agreement postponing partition for a reasonable time will bar partition, *Smith* v. *Brasseale*, 213 Ala. 387; *Haeussler* v. *Missouri Iron Co.* 110 Mo. 188, and as the operation of the agreement may result in restricting the alienation of the property for years, contingent in sub-

stance upon a sale being made with the consent of both parties, the agreement imposing such a restraint upon the alienation of an estate in fee simple for a period beyond that fixed by the rule against perpetuities is contrary to public policy and cannot be enforced.  *Hall* v. *Tufts,* 18 Pick. 455.  *Blackstone Bank* v. *Davis,* 21 Pick. 42.  *Gleason* v. *Fayerweather,* 4 Gray, 348.  *Winsor* v. *Mills,* 157 Mass. 362, 364.  *Cushing* v. *Spalding,* 164 Mass. 287.  *Southard* v. *Southard,* 210 Mass. 347.

*Decree affirmed.*