ELSIE E. BOWEN & others *vs.* ELSIE CAMPBELL & others.

Bristol. February 5, 1962. — March 30, 1962.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & KIRK, JJ.

*Restraint on Alienation. Devise and Legacy,* Restraint on alienation.

In a devise in a will of family land "in equal shares to the six grandchildren of . . . [the testatrix's father] . . . absolutely," a provision to which the devise was made "subject," that none of the grandchildren "or his or her heirs shall during the life . . . of any of said grandchildren . . . or during the further period of lives in being of the children of any said grandchildren . . . at the time of the [p]robate of this will, alien . . . his . . . [or] her . . . interest in said real estate, except to some other or others of the grandchildren . . . or their heirs," imposed a restraint on alienation which might last for a period beyond that fixed by the rule against perpetuities and was invalid as extending for an unreasonably long time; the possible duration of the restraint was not limited to a valid period by the final clause of the devise stating the testatrix's "intention that said real estate shall be retained

by said grandchildren . . . and their . . . heirs so long as . . . may be permitted by the laws of . . . Massachusetts." [26–28]

A certain devise of family land "in equal shares to the six grandchildren of . . . [the testatrix's father] . . . absolutely" did not fail because of the failure of an invalid restraint on alienation of the devised land imposed by the testatrix's will, and upon her death the land passed "absolutely," free of any restraint, to the six grandchildren in equal shares, not to the testatrix's step-children as residuary devisees under her will. [28]

PETITION, filed in the Probate Court for the county of Bristol on June 15, 1960.

The petitioners appealed from a decree entered after a hearing by *Considine,* J.

The case was submitted on briefs.

*Charles E. Bennett,* for the petitioners.

*Vincent M. Germani,* guardian ad litem, pro se.

CUTTER, J. Eleanor Potter (the testatrix), of Pawtucket, Rhode Island, died on January 1, 1918. Her will and two codicils were allowed in Massachusetts on May 10, 1918. She devised land in Attleboro (a "portion of the Bowen Farm") "in equal shares to the six grandchildren of Simeon Bowen [the testatrix's father] . . . absolutely, the child or children of any deceased grandchild . . . to take his, her and their parent's share. Subject . . . to this condition that neither of said grandchildren or his or her heirs shall during the life . . . of any of said grandchildren . . . or during the further period of lives in being of the children of any said grandchildren of Simeon Bowen at the time of the [p]robate of this will, alien . . . his, her or their interest in said real estate, except to some other or others of the grandchildren of said Simeon Bowen or their heirs. It being my intention that said real estate shall be retained by said grandchildren of said Simeon Bowen and their . . . heirs so long as . . . may be permitted by the laws of . . . Massachusetts."

The testatrix's residuary devisees were her two step-children. Of the six grandchildren of Simeon Bowen alive in 1918, one died about 1920 without issue leaving a widow, "whose whereabouts are now unknown." Three grand-

children are now alive. Two grandchildren are dead, each leaving a son, now living. All Simeon's grandchildren and these two great grandchildren were alive at the testatrix's death. This petition for declaratory relief is brought by the now living grandchildren and the two great grandchildren, mentioned above. They wish to sell the land, but are unable to do so because of the purported restraint on alienation in the devise.

A guardian ad litem (appointed apparently because of uncertainty about the capacity of one residuary devisee) contends that the testatrix's primary intention was to keep the land within the Bowen family, and that, if the restraint fails, then the devise also fails and the land must pass to the residuary devisees. The probate judge adopted this view in a decree from which the petitioners appealed. There was a report of material facts.

1. No party argues that the purported restraint upon alienation is valid, and it probably is not to the advantage of any party so to argue. We need not consider whether the restraint is invalid because it is limited unreasonably as to the number of permissible transferees. See Restatement: Property, § 406 (b); Powell, Real Property, § 843; Tiffany, Real Property (3d ed.) § 1345; Am. Law of Property, § 26.32; Manning, Development of Restraints on Alienation since Gray, 48 Harv. L. Rev. 373, 375–381. By the terms of the restraint, as we interpret them, it might extend for an unreasonably long time.

In *Roberts v. Jones*, 307 Mass. 504, 508, this court said that an "agreement imposing . . . a restraint upon the alienation of an estate in fee simple for a period beyond that fixed by the rule against perpetuities is contrary to public policy and cannot be enforced." Restraints upon alienation, as a matter of public policy, are not favored. Accordingly, if upon "one of two or more possible constructions there is no restraint, such construction is preferred." Restatement: Property, § 418; Powell, Real Property, § 847. This principle operates to sustain gifts against provisions possibly invalid as does the policy, and rule of con-

struction, of adopting that one of two or more permissible and reasonable constructions of a gift or testamentary dispositive scheme which will sustain the validity of the gift under the rule against perpetuities and carry out the intention of the donor or testator. See *Second Bank–State St. Trust Co.* v. *Second Bank–State St. Trust Co.* 335 Mass. 407, 412, and authorities cited. Compare *New England Trust Co.* v. *Sanger,* 337 Mass. 342, 351.

The condition contained in the testatrix's devise, if it be a condition (which we need not decide), might turn out to last for more than twenty-one years after designated lives in being at the testatrix's death. She specified in effect that the land could be sold only to Simeon's grandchildren "and their heirs" during the lives of the six grandchildren and "during the further period of lives in being of the children of any said grandchildren . . . at the time of the [p]robate of this will." Probate of the will would inevitably take place an appreciable period after the testatrix's death, and might take place a long time thereafter. See *Haddock* v. *Boston & Maine R.R.* 146 Mass. 155, 160–162 (sixty-three years); Newhall, Settlement of Estates (4th ed.) § 35, p. 135. Compare *Cummings* v. *Russell,* 258 Mass. 502, 507. Viewed as of the date of the testatrix's death, all Simeon's grandchildren then living might be dead by the time of the probate of her will and there might be great grandchildren living on the date of such probate who were not living at her death. The period of the restraint thus might extend too long to fall within the maximum permitted duration of a restraint, even if the restraint otherwise could be held to be valid.

Because of the principle, mentioned above, preferring the construction which leads to there being no restraint, and because we are interpreting a restraint and not a gift, there is no occasion to consider whether we could reasonably interpret the words "at the time of the [p]robate of this will" as an inadvertence, really meaning "at the time of my death," or treat the lives of Simeon's grandchildren and the lives of his great grandchildren as separate periods. The

final ambiguous clause of the devise ("said real estate shall be retained . . . so long as . . . permitted by the laws of . . . Massachusetts") does not purport to be an overall validating limitation of the duration of the restraint. Compare the *Second Bank–State St. Trust Co.* case, 335 Mass. 407, 410. Accordingly, we interpret the restraint literally, with the result that it is invalid.

2. Because the restraint is void, each of the six grandchildren of Simeon took, as of the date of the testatrix's death, an equal share of the land "absolutely" free of any restraint. The devise did not fall with the restraint. Doubtless, the testatrix hoped to keep the land in the Bowen family. Nevertheless, nothing in the will, or in the family circumstances stated in the report of material facts, indicates that the testatrix would have preferred to have strangers to the Bowen blood take the family land rather than to have it pass to Simeon's grandchildren free of the attempted restraint. Compare *New England Trust Co.* v. *Sanger,* 337 Mass. 342, 353–355.

3. The decree is reversed. A new decree is to be entered declaring that the land passed at the testatrix's death to the six grandchildren of Simeon Bowen in equal shares in fee simple free of any restraint on alienation.

*So ordered.*