ANN L. FISHER *vs.* DONAL L. FISHER, executor.[1]

Barnstable. October 14, 1986. — December 2, 1986.

Present: ARMSTRONG, QUIRICO, & DREBEN, JJ.

*Sale*, What constitutes. *Real Property*, Option, Restraint on alienation.

With respect to a grantor's right of first refusal contained in a deed conveying land to a husband and wife, the words "[i]n the event that the grantees or either of them wishes to sell," described a condition which could only occur during the lives of the grantees, and consequently the right of first refusal was extinguished by the death of the surviving grantee. [206-207]

CIVIL ACTION commenced in the Probate Court for the county of Barnstable on April 11, 1977.

The case was heard by *Francis P. Murphy, J.,* on an agreed statement of facts.

*Edwin R. Chyten* for the plaintiff.
*Clyde K. Hanyen* for the defendant.

DREBEN, J. The primary question in this appeal[2] is whether the right of first refusal contained in a 1973 deed from Ann Fisher (Ann) to her in-laws, William and Gertrude Fisher, survived the death of both William and Gertrude. The operative clause of the deed provides:

> "In the event that the grantees or either of them wishes to sell the above property they agree first to give the grantor herein the right of first refusal at a price no greater than $40,000."

---

[1] Executor of the estate of William J. Fisher.

[2] This matter was before us once before. In 22 Mass. App. Ct. 1105 (1986) another panel of this court vacated an order of the probate judge striking the plaintiff's notice of appeal.

A judge of the Probate Court, on a statement of agreed facts, held (1) that the preemptive right held by Ann was extinguished by the death of her in-laws and (2) that certain earlier conveyances from William to his son (Ann's former husband) and back again did not constitute a sale triggering Ann's right of first refusal. We affirm.

In 1973, for a stated consideration of $38,500, Ann conveyed the property to William and Gertrude by a deed containing the quoted clause. On July 23, 1976, after Ann and her husband Donal had separated, William, then a widower, conveyed the parcel to Donal for one dollar. Donal conveyed the property back to William in March, 1977, again for one dollar. William died on January 1, 1979.

Ann argues, with some plausibility, that the 1976 conveyance to Donal was a bold attempt to defeat her right of first refusal. Her further contention that the conveyance be treated as a sale, however, lacks merit. "The word 'sale' has a well defined meaning. It is the transfer of property from one person to another for a consideration of value." (Citations omitted.) *Arnold* v. *North American Chem. Co.,* 232 Mass. 196, 199 (1919). *MacDonald* v. *Hawker,* 11 Mass. App. Ct. 869, 873 (1981). On similar facts, where there may also have been improperly motivated transfers, conveyances for a consideration of one dollar were held not to be sales. *MacDonald* v. *Hawker, supra* at 871-874.

As the property was in fact reconveyed to William, we need not concern ourselves whether Ann would have been able to set aside the transfer as fraudulent. Ann stands in the same position as if the transfer to Donal had been declared void and set aside. *MacDonald* v. *Hawker, supra* at 875. We assume, for purposes of this opinion, that William held the property prior to his death fully subject to Ann's right of first refusal.

That right, however, was extinguished by William's death, Gertrude having predeceased him. The language used — "[i]n the event that the grantees or either of them wishes to sell" — does not contain words such as heirs or assigns but speaks in personal terms of the two specific grantees. Their wishes, the condition upon which Ann's right depends, could only occur

during the lives of the grantees. The clause does not provide for transfer as a result of death. Had the grantor wanted to impose a condition on the estates of the parties,[3] "suitable language could have been inserted . . . to accomplish that result." *Schena* v. *Pagliuca,* 9 Mass. App. Ct. 449, 452 (1980).[4] See also *Maynard* v. *Polhemus,* 74 Cal. 141, 143 (1887); *Waterstradt* v. *Snyder,* 37 Mich. App. 400, 402 (1971).

We are buttressed in our conclusion by the fact that "[r]e-straints upon alienation, as a matter of public policy, are not favored. Accordingly, if upon one of two or more possible constructions there is no restraint, such construction is preferred." (Citations omitted.) *Bowen* v. *Campbell,* 344 Mass. 24, 26 (1962). See 6 American Law of Property § 26.65 (Casner ed. 1952), suggesting that preemptions at a fixed price such as contained in Ann's conveyance are so severe a restraint that they should be held void. See also Restatement (Second) of Property § 4.4 comment d, illustration 4·(1981), to the same effect.[5]

*Judgment affirmed.*

---

[3] We take no position as to the validity of such a provision. See 6 American Law of Property § 26.65 (Casner ed. 1952); Restatement (Second) of Property § 4.4 comment d, illustrations 3 & 4 (1981). See discussion, *infra*.

[4] In the cited case, a testatrix left real estate to certain beneficiaries as tenants in common but provided that "if either decides to and does move from the premises, that undivided one-half share . . . must be offered to the remaining occupant" at a set price. *Id.* at 450. We held that the condition did not survive the death of one of the beneficiaries and that that beneficiary's widow was not bound by the condition. *Id.* at 450-451, 453-454.

[5] The rule against perpetuities, as well as the rule against restraints on alienation, suggests a narrow construction of the preemptive right. The policy underlying each rule is similar. See 6 American Law of Property § 26.66 (Casner ed. 1952); Restatement (Second) of Property, Introductory Note to Part II, at 143-144, and § 4.4 comments c & d (1981). Numerous cases involving similar preemptive rights have construed such rights as limited to the lives of the parties to avoid problems of the rule against perpetuities. See, e.g., *Barnhart* v. *McKinney,* 235 Kan. 511, 512-513, 519-523 (1984) ("decide to sell or vacate" construed as personal to sellers, despite clause making covenants binding on heirs and assigns); *Roemhild* v. *Jones,* 239 F.2d 492, 494, 495-496 (8th Cir. 1957) (under Arkansas law, right to repurchase from grantee "if he should at any time offer the same for sale" expired at death of grantee); *Kershner* v. *Hurlburt,* 277 S.W.2d 619, 623 (Mo. 1955). See also Restatement (Second) of Property § 4.4, Reporter's Note at 222-224 (1981).