At issue in this case is whether an agreement among siblings (agreement) in regard to property located at 134 Thorndike Street in Cambridge (locus) is enforceable to prohibit partition of the locus without the unanimous consent of Vincent, Gerald, John, and Joseph Pacelli. The issue was presented to the Land Court judge on summary judgment, and our review is "de novo because we examine the same record and decide the same questions of law." Casseus v. Eastern Bus Co., 478 Mass. 786, 792 (2018), quoting from Kiribati Seafood Co. v. Dechert LLP, 478 Mass. 111, 116 (2017).[3] For the reasons stated below, we conclude the agreement does not violate the rule against perpetuities and is not an unreasonable restraint on alienation. We conclude the agreement is enforceable and, therefore, reverse the decision of the Land Court judge.
Background. The origins of the ownership of the locus are unclear, but it was transferred to Vincent and Gerald Pacelli, as trustees of the Pacelli Realty Trust (Pacelli trust), in January of 1986. The Pacelli trust was a nominee trust, the undisputed beneficiaries of which were four brothers, Vincent, Gerald, John, and Joseph Pacelli. The trustees had "no power to deal in or with the Trust Premises, except as directed in writing by all of the Beneficiaries."
Between February and March of 2003, the four Pacelli brothers and their three sisters, Rosemary B. Cowie, Bernadette A. Richard, and Antoinette M. Powers, executed and recorded the agreement.[4] The agreement noted the existence of the Pacelli trust and stated that the agreement "does not alter, supercede, delete or take the place of the trust." It provided, however, that the "beneficial interest holders," defined as the four Pacelli brothers, desire that they and their three sisters benefit equally from any cash disbursement if and when the locus is sold. Accordingly, the agreement expressly provides that each sibling will be entitled to a one-seventh (1/7) interest in the net cash proceeds from the sale of the premises. The agreement further provides that the three sisters, presumably because they are not beneficial interest holders of the trust, will have no voting rights, and the beneficial interest holders will determine the property expenses. Paragraph five of the agreement allows the beneficial interest holders and the three sisters to "appoint a successor and heir to their 1/7 interest" in the net proceeds and provides that any such successor or heir will be required to adhere to all aspects of the agreement. Paragraph six provides that the siblings all agree that "all of the surviving beneficial interest holders will need to be in agreement for the sale of the premises" (unanimity provision).
Pursuant to the terms of the Pacelli trust, any one of the beneficial interest holders could terminate the trust, and Vincent did so on March 24, 2015. The Pacelli trust provides that upon termination, "the Trust Premises shall automatically vest in the Beneficiaries" as "tenants in common." On April 28, 2016, John, Antoinette, Joseph, Rosemary, Bernadette, and Gerald commenced an action to partition the property. The judge referred to this action as "the prior partition action." Although the parties entered into a settlement agreement in the prior partition action indicating that the locus would be appraised and sold, questions about the enforceability of that settlement arose and instead of seeking to enforce it, Gerald commenced this partition action pursuant to G. L. c. 241, § 1. Vincent, relying on the unanimity provision in paragraph six of the agreement requiring unanimous consent for sale, opposed partition of the property by sale.
On Vincent's summary judgment motion, a judge of the Land Court ordered partition of the property, finding that valid consideration supported the agreement but that the agreement violated the rule against perpetuities and, therefore, constituted an unreasonable restraint on alienation. Even if the rule against perpetuities were not violated, the judge opined, the restriction would last many years and, therefore, "appears to be unreasonable irrespective of whether it violates the rule against perpetuities." The judge also issued orders evicting Vincent and allowing a warrant of sale. Vincent appeals.
Discussion. 1. Rule against perpetuities. We first address the issue of whether the rule against perpetuities renders the unanimity provision unenforceable. "The rule against perpetuities is a rule that invalidates interests that vest too remotely." Bortolotti v. Hayden, 449 Mass. 193, 201 (2007). "The underlying rationale behind the rule (now hundreds of years old) is classically understood as a means whereby courts could 'curb excessive dead-hand control of property through intergenerational transfers' that might render property unmarketable for decades, or longer." Ibid., quoting from Restatement (Third) of Property (Servitudes) § 3.3 comment b, at 427 (2000).[5] If not repugnant to the parties' intent or public policy, a reasonable interpretation of an instrument which avoids application of the rule against perpetuities must be adopted. See New England Trust Co. v. Wood, 326 Mass. 239, 244-245 (1950) ; New England Trust Co. v. Sanger, 337 Mass. 342, 350 (1958). Moreover, "a contract should be construed to give it effect as a rational business instrument and in a manner which will carry out the intent of the parties." Starr v. Fordham, 420 Mass. 178, 192 (1995), quoting from Shane v. Winter Hill Fed. Sav. & Loan Assn., 397 Mass. 479, 483 (1986).
Here, there is no rule against perpetuities issue because the right to approve a sale of the locus extends only to the surviving beneficial interest holders, i.e., the surviving four Pacelli brothers, and not to their heirs or assigns. While it is true that paragraph five allows each of the siblings to appoint a successor, it explicitly provides that they may appoint a successor and heir "to their 1/7 interest." We discern no intent that the beneficial interest holders' heirs or assigns may exercise the veto power contained in the unanimity provision of paragraph six. See Winstanley v. Chapman, 325 Mass. 130, 132 (1949) (option to purchase does not offend rule against perpetuities where there was no intent to bind or benefit heirs of parties). To interpret paragraph six otherwise would render use of the word "surviving" superfluous. "[E]very word and phrase of a contract should, if possible, be given meaning, and ... none should be treated as surplusage if any other construction is rationally possible." Gustafson v. Wachusett Regional Sch. Dist., 64 Mass. App. Ct. 802, 807 n.7 (2005), quoting from Computer Sys. of America, Inc. v. Western Reserve Life Assurance Co., 19 Mass. app. Ct. 430, 437-438 (1985). See Worcester Mut. Ins. Co. v. Marnell, 398 Mass. 240, 245 (1986). That any successor or heir to a 1/7 interest in the proceeds of a sale of the locus must comply with the terms of the agreement does not mean that the heirs or successors of the beneficial interest holders somehow acquire the veto power granted in paragraph six to only the "surviving beneficial interest holders." Rather, the heir or successor of a deceased beneficial interest holder is entitled to a 1/7 interest only when the surviving beneficial interest holders decide to sell the property. Accordingly, because the unanimity requirement does not extend beyond the lives of the Pacelli brothers, we conclude it does not offend the rule against perpetuities.
2. Restraint on alienation. Having concluded that the unanimity provision in the agreement does not violate the rule against perpetuities, we consider whether it nonetheless constitutes an unreasonable restraint on alienation. It is well-settled that conditioning sale of a fee simple interest in property on the consent of all of the tenants in common for a period beyond that fixed by the rule against perpetuities is contrary to public policy and cannot be enforced. See Roberts v. Jones, 307 Mass. 504, 507-508 (1940), and cases cited. Roberts did not address, however, whether a provision conditioning a sale on the unanimous consent of all of the tenants in common for a period less than that allowed by the rule against perpetuities is enforceable.
In Franklin v. Spadafora, 388 Mass. 764, 766 (1983), the Supreme Judicial Court identified several nonexhaustive factors applicable to an analysis of whether a restraint on alienation is reasonable, including whether (1) the person imposing the restriction has an interest in land protected by the restraint; (2) the restraint is limited in duration; (3) the restraint accomplishes a worthwhile purpose; (4) the type of conveyances prohibited are unlikely to be employed to any substantial degree by the one restrained; and (5) the number of persons to whom alienation is prohibited is small. As the Land Court judge stated, whether a restriction that does not run afoul of the rule against perpetuities is "reasonable" calls for "a highly fact-specific inquiry."
Here, the four brothers each has an interest in the locus; the restraint is limited to their lifetimes; and there are no specific persons or class of persons to whom alienation is prohibited. The record is not well developed with regard to the purpose of the restraint, but the judge found that the veto power acquired by Vincent, Joseph, John, and Gerald from the unanimity provision constituted valid consideration for the agreement through which they released to their sisters a percentage of their interest in the proceeds of a sale of the locus. We cannot help but conclude, therefore, that the "veto power" accomplishes a worthwhile purpose. While a possible result of the veto power is that the locus may be off the market longer than it otherwise might be, the agreement also allows more people to share in the proceeds of any sale. Moreover, where at least one of the brothers resided at the locus, the parties may well have concluded it was important and reasonable to provide veto power, in essence granting a life estate to any of the brothers who might want one. On these facts, we conclude the unanimity provision of the agreement does not constitute an unreasonable restrain on alienation.
3. Other arguments. Gerald contends that there are reasons other than the rule against perpetuities or the doctrine against unreasonable restraints on alienation that prohibit enforcement of the agreement. He first argues that there was no consideration for the agreement. The agreement expressly states it is supported by consideration, the sufficiency of which is acknowledged by the parties. It is not for us to question the adequacy of the consideration. See Barnett v. Rosen, 235 Mass. 244, 249 (1920) (law does not concern itself with adequacy of consideration; it is enough that it is valuable). Moreover, the judge found that the unanimity provision constitutes consideration for the beneficial interest holders' release of a portion of the proceeds of the sale of the locus for their sisters. We agree with the judge, therefore, that consideration supported the agreement.
Gerald also contends he did not knowingly waive the right to partition the property. The agreement, in requiring unanimity to sell the property, also prohibits partition by sale even though the agreement does not expressly prohibit partition. See Raisch v. Schuster, 47 Ohio App. 2d 98, 99 (1975) (covenant not to partition is implied where agreement purports to restrict free exercise of right of sale but does not specifically prohibit partition). A party may waive the statutory right to partition. See Roberts, 307 Mass. at 506 (assuming in accordance with great weight of authority that tenant in common may, by agreement, waive right to partition property if agreement extends only for reasonable time).[6] That Gerald did not have the right to partition in mind when he signed the agreement requiring unanimous consent of the beneficial interest holders to sell the locus, does not mean he did not knowingly agree to the unanimity provision which, in effect, waived his right to partition. As the unanimity provision is limited to the lifetime of the beneficial interest holders, and at least one of the brothers had been living at the property for many years without any indication, so far as the record reflects, of a plan to move, we cannot say the unanimity provision was not limited to a reasonable time.
Finally, Gerald argues that the agreement is unenforceable because the Pacelli trust has terminated and there are no longer any "beneficial interest holders." The agreement, however, specifically states that it does not purport to "alter, supercede, delete or take the place" of the Pacelli trust. Nothing in the agreement suggests that the Pacelli trust must continue to exist in order for the agreement to be enforceable. That the four Pacelli brothers were identified in the agreement as the beneficial interest holders of the Pacelli trust at the time the agreement was created does not mean that they have to continue to be the beneficial interest holders of the Pacelli trust at the time the agreement is being enforced. The agreement is an independent contract and there is no requirement that the Pacelli trust continue to exist in order to enforce the agreement.
Conclusion. We reverse the order granting summary judgment to Gerald and ordering the commissioner to proceed with partition by sale of the locus, the warrant issued on March 31, 2017, authorizing the sale of the locus, and the order authorizing the eviction of Vincent. Pursuant to the agreement, Vincent has an enforceable right to veto the sale of the property. Because of the result we reach, we need not consider the timing of the eviction issue raised by Vincent.
So ordered.
Reversed.

An interlocutory order approving partition by sale is subject to immediate appeal. See Morgan v. Jozus, 67 Mass. App. Ct. 17, 20 (2006), and cases cited.

We refer hereafter to the Pacelli siblings by their first names where necessary to avoid confusion.

The rule against perpetuities is "classically defined as the rule that no interest is good unless it must vest, if at all, not later than twenty-one years after some life in being at the creation of the interest." Anderson v. BNY Mellon, N.A., 463 Mass. 299, 313 n.19 (2012) (quotation omitted). See G. L. c. 190B, § 2-901 (statutory rule against perpetuities).

The agreement takes the case out of the general rule recently restated in Sullivan v. Lawlis, 93 Mass. App. Ct. 409, 412 (2018), that cotenants have an absolute right to partition and no consent of cotenants is required.