NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

22-P-64                                           Appeals Court

OSCAR BONILLA[1]  vs.  ROSA LIDIA YANES NAJERA.[2]

No. 22-P-64.

Suffolk.    December 14, 2022. – March 22, 2023.

Present:  Neyman, Shin, & Smyth, JJ.


Real Property, Partition, Restraint on alienation.  Probate
    Court, Partition proceedings.  Divorce and Separation,
    Division of property, Separation agreement.  Practice,
    Civil, Motion to dismiss.



    Petition for partition filed in the Suffolk Division of the
Probate and Family Court Department on October 29, 2019.

    A motion to dismiss was heard by Janine D. Rivers, J., and
a motion for reconsideration was considered by her.


    James Gardner Long, III (William Alexakos also present) for
the petitioner.
    Stephen Kessman for the respondent.


    SHIN, J.  Oscar Bonilla appeals from a Probate and Family

Court judgment dismissing his petition to partition the former

---

[1] Also known as Oscar Wilder Bonilla.

[2] Formerly known as Rosa Lidia Yanes Bonilla.

marital home that he owns with his ex-wife, Rosa Lidia Yanes Najera. On Najera's motion to dismiss, the judge concluded that Bonilla could not pursue a partition action because the parties' separation agreement prohibited the sale or transfer of the marital home without the parties' mutual consent. Bonilla argues on appeal that the restraint on alienation imposed by the separation agreement is unreasonable and unenforceable. We agree and thus reverse the judgment and remand for further proceedings.

Background. The parties married in 1988 and purchased real estate as tenants by the entirety at 40 Manning Street in Roslindale. They lived together in the home until about 2007, when Bonilla moved out. Najera continued to live in the home.

The parties entered into the separation agreement in 2014, and a judgment of divorce nisi approving the agreement then entered. The agreement survived as an independent contract and did not merge with the divorce judgment. Article V of the agreement contains the restraint that is at issue: "The Parties acknowledge that there is one personal property located at 40 Manning Street, Roslindale, MA 02131. Both will be responsible for the expenses and maintenance of this property at a rate of 50/50. The house can only be sold or transferred by agreement

of both parties."[3]  The agreement also contains a provision, Article VIII, paragraph B, that binds and benefits the parties' respective estates:  "This Agreement shall be binding upon the estate of both parties and such estates shall be liable for any obligations set forth herein."

In 2019 Bonilla filed the underlying petition.  In it he alleged that he owns "an undivided part or share" of the former marital home as a tenant in common and requested the appointment of a commissioner to partition the property, sell it by private sale or public auction, and pay over the proceeds.  Najera filed her answer and then moved to dismiss the petition.

Following a nonevidentiary hearing, the judge allowed Najera's motion to dismiss.  Bonilla filed a motion for reconsideration, which the judge denied.  In her written findings of fact and rationale on the motion to dismiss, the judge determined that, "[d]espite the poor draftsmanship," the separation agreement was "unambiguous and binding" and precluded Bonilla from selling the former marital home without Najera's consent.  The judge did not, however, address Bonilla's argument that the agreement's restraint on alienation is unenforceable.

Discussion.  We review the allowance of a motion to dismiss de novo.  See Curtis v. Herb Chambers I-95, Inc., 458 Mass. 674,

---

[3] Exhibit D (Real Property) appended to the agreement further states:  "Both [parties] want to keep the house."

676 (2011). Partition is a matter of right for cotenants and "is not dependent on the consent of any of the cotenants or the discretion of the court." Sullivan v. Lawlis, 93 Mass. App. Ct. 409, 412 (2018). See G. L. c. 241, § 1 ("[a]ny person, except a tenant by the entirety, owning a present undivided legal estate in land" may petition for partition).[4] An exception exists, however, when a cotenant "bind[s] himself by agreement from asserting any right to partition." Roberts v. Jones, 307 Mass. 504, 506 (1940). Such an agreement, if reasonable, is not contrary to public policy and will "operate[] by way of waiver or estoppel to prevent the maintenance of partition proceedings." Id. Thus, tenants in common are precluded from pursuing petitions for partition if they have entered into a valid agreement containing a reasonable restraint on alienation. See Dunham v. Ware Sav. Bank, 384 Mass. 63, 66-67 (1981); Roberts, supra.

The provision in Article V that "[t]he house can only be sold or transferred by agreement of both parties" is a clear restraint on alienation.[5] We therefore consider the

_____

[4] A judgment of divorce converts a tenancy by the entirety to a tenancy in common by operation of law. See Bernatavicius v. Bernatavicius, 259 Mass. 486, 490 (1927). Therefore, after their divorce, the parties owned the former marital home as tenants in common.

[5] We disagree with Bonilla's contention that "[t]he house" could be a reference to a dollhouse or a birdhouse. The

reasonableness of the restraint.  As a general matter, the following factors "tend to support" a finding of reasonableness: (1) "the one imposing the restraint has some interest in land which he [or she] is seeking to protect by the enforcement of the restraint"; (2) "the restraint is limited in duration"; (3) "the enforcement of the restraint accomplishes a worthwhile purpose"; (4) "the type of conveyances prohibited are ones not likely to be employed to any substantial degree by the one restrained"; and (5) "the number of persons to whom alienation is prohibited is small."  Franklin v. Spadafora, 388 Mass. 764, 766 (1983), quoting Restatement of Property § 406 comment i (1944).  This list is not exhaustive, and "[e]ach case must be examined in light of all the circumstances."  Franklin, supra. Here, while the first factor supports Najera's position that the restraint is reasonable -- as she has an interest in the property -- the remaining factors lead to the opposite conclusion.

As to the duration of the restraint, "our case law indicates that a restraint on alienation which may extend 'for a period beyond that fixed by the rule against perpetuities is contrary to public policy and cannot be enforced.'"  Franklin,

provision cannot reasonably be construed to be referring to anything but the former marital home.

388 Mass. at 767, quoting Roberts, 307 Mass. at 508.[6]  Bonilla

argues that the restraint in Article V is unlimited in duration

and hence unenforceable.  Najera, for her part, does not contest

that the restraint would be unenforceable if it extends

indefinitely, but proffers a different interpretation of the

agreement -- that the restraint applies only during the parties'

lifetimes.  But not only does Article V contain no such

limitation, Najera fails to address Article VIII, paragraph B,

which binds the parties' estates to the agreement, including

"any obligations set forth" therein.  Reading these provisions

together, we agree with Bonilla that the agreement imposes a

restraint in perpetuity, which is invalid on public policy

grounds.  See Roberts, supra at 507 (agreement "unduly

restrict[ed] the alienation of the property" where it "fixe[d]

no time for its duration" and imposed restraint "not much

different from what it would have been if the agreement

expressly provided that there could be no sale without the

consent of all tenants in common"); Winsor v. Mills, 157 Mass.

362, 364 (1892) (agreement providing that "each of the parties

has an estate in the land, to be held for an indefinite period,

_____

    [6] The rule against perpetuities "is classically defined as
the rule that no interest is good unless it must vest, if at
all, not later than twenty-one years after some life in being at
the creation of the interest" (quotation and citation omitted).
Hochberg v. Proctor, 441 Mass. 403, 406 n.8 (2004).

and no part of the land is to be sold without the consent of both" was invalid restraint). See also <u>Bowen</u> v. <u>Campbell</u>, 344 Mass. 24, 27-28 (1962) ("[b]ecause of the principle . . . preferring the construction which leads to there being no restraint," restraint would be "interpret[ed] . . . literally, with the result that it [was] invalid").

Turning to the remaining <u>Franklin</u> factors, we conclude that they also support a finding of unreasonableness.[7] First, we have no basis on which to conclude that enforcing the restraint would "accomplish[] a worthwhile purpose." <u>Franklin</u>, 388 Mass. at 766. Najera does not identify any such purpose beyond "acknowledg[ing] the parties' [a]greement." But as a matter of both policy and logic, the worthwhile purpose must be something other than enforcing the restraint. See <u>Bowen</u>, 344 Mass. at 26 ("Restraints upon alienation, as a matter of public policy, are

---

[7] The court in <u>Franklin</u> suggested that, even if a restraint extends beyond the period fixed by the rule against perpetuities, there could be circumstances where it would still be reasonable. See <u>Franklin</u>, 388 Mass. at 768 ("To the extent cases such as <u>Bowen</u> v. <u>Campbell</u>, <u>supra</u>, and <u>Roberts</u> v. <u>Jones</u>, <u>supra</u>, proclaim as absolute a rule of public policy measured by the period fixed by the rule against perpetuities, we decline to apply slavishly the rule to a form of property ownership little known at the time that these cases were decided"). The court stressed, however, that its decision was "limited to the particular facts" and "might well be different if . . . [as here] the restraint at issue precluded all alienation of the property or allowed alienation only to an unreasonably small number of people." <u>Franklin</u>, <u>supra</u>. Nonetheless, for completeness, we will address the remaining <u>Franklin</u> factors.

not favored").  Najera does not explain how keeping divorced parties and their estates economically bound to one another indefinitely accomplishes a worthwhile purpose, and there is nothing in the agreement or elsewhere in the record to suggest that the restraint serves any other purpose.[8]  Cf. Franklin, supra at 769 (condominium bylaw limiting number of units that any one person could own served worthwhile purpose of "promot[ing] owner occupancy" so as "to impart a degree of continuity of residence, inhibit transiency and safeguard the value of investment").

The next factor -- whether "the type of conveyances prohibited are ones not likely to be employed to any substantial degree by the one restrained," Franklin, 388 Mass. at 766 -- is also unmet.  Unlike in Franklin, id. at 770, the restraint here does not apply only in narrow circumstances.  Rather, it applies without qualification to any sale or transfer of the property,

---

[8] We note in this regard that the agreement is poorly drafted and contains several conflicting provisions.  For example, while Article III states that "no real property exists to be divided between [the parties]," Exhibit D states that "[t]he parties own real property located at 40 Manning Street." Article V refers to the same property as "personal property." In addition, Exhibit D states within the same sentence that the property "is not encumbered by a mortgage" and that it "has a mortgage which is equal if not greater to the value or the equity of the value of the property."  The poor draftsmanship and numerous inconsistencies in the agreement lead us to question whether the parties considered what purpose would be served by the restraint.  Certainly, unlike in Franklin, 388 Mass. at 768, there is no "declared purpose."

regardless of the characteristics of the transaction. And Bonilla, the one restrained, filed his petition so that he can sell or transfer his interest in the property, showing that he wants to employ the type of conveyances prohibited by the agreement.

Finally, the number of people to whom alienation is prohibited is not small. See Franklin, 388 Mass. at 766. To the contrary, because the agreement prohibits any sale or transfer of the property without the parties' mutual consent, there is an unlimited number of people affected by the restraint. Cf. id. at 770 (number of people to whom transfer was prohibited not unreasonable where condominium units could be sold to anyone except those who already owned two units).

In light of the above, we conclude that the restraint on alienation imposed by the separation agreement is unreasonable and unenforceable and that Bonilla is therefore entitled to pursue his petition for partition. We stress that our decision should not be read to suggest any particular outcome on the petition; we decide only that the agreement does not foreclose partition as a matter of law. On remand the judge has the discretion to determine what remedy would be just and equitable after considering all the circumstances, including the parties'

intent in entering into the agreement.  See Sanborn v. Johns, 19 Mass. App. Ct. 721, 724-725 (1985).[9]

Conclusion.  The judgment of dismissal is reversed, and the matter is remanded to the Probate and Family Court for further proceedings consistent with this opinion.[10]

                                        So ordered.

---

[9] Given our ruling, we need not address Bonilla's argument that the judge should have treated the motion to dismiss as one for summary judgment and allowed discovery.  Additionally, we reject, for lack of any showing of prejudice, Najera's argument that the appeal should be dismissed because Bonilla did not comply with the rule of appellate procedure governing preparation of the record appendix.

[10] Bonilla's request for appellate attorney's fees and Najera's request for appellate attorney's fees and double costs are denied.