HAEUSSLER, *Appellant*, v. MISSOURI IRON COMPANY *et al.*

### Division Two, May 23, 1892.

1. **Tenants in Common:** PARTITION. One tenant in common cannot maintain an action for partition of land against his cotenant where he has been disseized.

2. ———: AGREEMENT NOT TO PARTITION, VALIDITY OF. An agreement between cotenants of land that neither they nor their heirs or assigns shall ever institute suit for partition of the property is void as being an unreasonable restraint on its enjoyment and use.

3. **Partition:** CO-OWNERS: TENANT. Possession of land by a tenant under a perpetual mining lease will not prevent a partition suit between the co-owners, subject to the rights of the tenant.

*Appeal from Dent Circuit Court.*—HON. C. C. BLAND, Judge.

REVERSED AND REMANDED.

*Broadhead & Hezel* with *J. M. Orchard* and *E. A. Seay* for appellant.

(1) The finding was against the evidence and the weight of the evidence. (2) The finding was against the law. (3) Under the law no such judgment should have been rendered, and the lease forbidding sale and trade of land is against public policy, and plaintiff under the finding would be powerless to enjoy his property. *Richardson v. Ins. Co.*, 31 Mo. 518; *Alter v. Thatcher*, 19 Pick. 51; Parsons [5 Ed.] pp. 502–503; Taylor on Landlord & Tenant [2 Ed.] secs. 283, 284, and references; *Long v. Towl*, 42 Mo. 545. (4) Under the uncontradicted evidence, the lease and deeds, appellant was entitled to a decree of partition of the realty, subject to the right of the Missouri Iron Com-

pany to mine on the lands in question.    (5) By reason of the Missouri Iron Company's failure to in any manner use one of the parcels for purposes named in lease, any rights to that parcel under the leased lapsed.

*L. B. Woodside* for respondent. .

Stripped of these conditions, the lease and deeds under which defendant, Missouri Iron Company, held the property amount to an absolute conveyance, except that a royalty on the iron ore was reserved.    The plaintiff states in his petition that defendant has a perpetual lease on all of the lands, and concedes in his brief that the defendant is in the adverse possession of the whole premises.    These allegations and concessions settle this case against him.    *Alexander v. Warrance*, 17 Mo. 228; *Lambert v. Blumenthal*, 26 Mo. 471; *Farner v. Davis*, 38 Mo. 107; *Shaw v. Gregoire*, 41 Mo. 407; *Gott v. Powell*, 41 Mo. 416; *Wommack v. Whitmore*, 58 Mo. 448; *Phulan v. Kuley*, 25 Wend. 389; *Cook v. Webb*, 19 Minn. 167; *Clark v. Clark*, 56 N. H. 105.    The conditions were:    *First.*    That, if any of the land was not needed for the purposes of the lease, it might be in the joint possession of all of the parties.    *Second.*    That none of the parties would ever seek to partition the lands without the written consent of all.    We are not able to find any authority announcing that such an agreement is void, and, even if it was, under the rule laid down in the above cases plaintiff would have to put himself in possession by an independent action before he could maintain partition.    *Dougherty v. Aldridge*, 5 Denio, 385; *Lansing v. Pine*, 4 Paige's Ch. 639.    *Third.*    The ground upon which plaintiff based his action for partition was that he and defendant are tenants in common.    Plaintiff was not a tenant in com-

mon with defendant, Missouri Iron Company.    1 Washburn on Real Property [4 Ed.] 652.

THOMAS, J.—This is a proceeding for the partition of the southwest quarter and the northwest quarter of the southwest quarter and the north half of the southeast quarter of section 24, township 34, range 6 west, situated in Dent county, containing two hundred and eighty acres.

This record discloses the following facts:    On the fourth day of June, 1870, C. C. Simmons and W. P. Billings, being seized of said lands in fee, by separate conveyances, conveyed two undivided fourths thereof in fee to Alexander L. Crawford and William L. Scott, each of which conveyances contained this stipulation: "And it is also further mutually covenanted and agreed by and between the parties to this conveyance that neither they nor their heirs or assigns, nor any or either of them shall or will ever institute or commence or cause to be instituted or commenced any proceedings in partition or otherwise in law or equity to obtain or procure a partition, allotment or division or sale of so much or of such parts or portion of said lands as have been leased for mining purposes to said parties of the second part by deed of lease bearing even date herewith and made and executed by said Walter P. Billings and Cyrenius C. Simmons, and duly recorded in the office of the recorder of deeds of said Dent county, without the written consent of all the parties interested in said property at the time of the commencement of such proceedings, and made a part of the record thereof."

The "deed of lease" mentioned in the foregoing stipulation was an indenture which witnessed that the said Simmons and Billings, as parties of the first part, granted, bargained, sold and conveyed perpetually and

forever to said Crawford and Scott, as parties of the second part, their heirs, assigns and legal representatives "the sole and exclusive right and privilege to enter upon and into said lands for the purpose of searching for, digging, mining, quarrying and taking away all the iron ore which may be upon or in said lands; and also for the purpose of smelting and manufacturing of iron on said lands, to any extent that the parties of the second part, their heirs, assigns and legal representatives may deem advisable," with the proviso that "such parts or portions of said pieces or parcels of land as do not contain iron ore, and such as shall not be needed or used by said parties of the second part for mining, storing waste material, railroad tracks and switches, manufacturing purposes, or for the erection of buildings, machinery and fixtures required or needful for the use of said parties of the second part, in carrying on their business aforesaid, shall be and remain in the joint possession and for the mutual use, benefit and enjoyment of all the aforesaid parties hereto, according to their respective interests and shares therein."

It was provided by this deed of lease that said Crawford and Scott, their heirs, assigns or legal representatives should pay to said Simmons and Billings, their heirs, assigns or legal representatives the sum of twelve and a half cents per ton gross of twenty-two hundred and forty pounds, for the one half of all the iron ore that should be mined, dug or quarried and taken away, used or sold from said lands, the payments to be made quarterly, on the fifteenth days of January, April, July and October in each year. Crawford and Scott agreed to organize a corporation under the laws of Missouri for the purpose of carrying on mining operations on said lands, which was done, the name of the corporation being "Missouri Iron

Company," to which said Crawford and Scott in due time conveyed the interests in said lands acquired by them by virtue of the said conveyances [and deed of lease. This corporation took from these lands from 1873 to the time of the trial of this cause in October, 1889, two hundred thousand tons of iron ore.

The record shows the interests of the parties, other than the Missouri Iron Company, in said lands to be as follows: Plaintiff one-fourth, defendant Cook or his representatives one-eighth, and Walter and Maud Billings one-sixteenth each, all subject to the terms and conditions of the conveyances and deed of lease executed by Simmons and Billings to Crawford and Scott as above set forth.

Defendant, the Missouri Iron Company, resisted the partition of the lands on two grounds: *First.* It claimed to be in the adverse possession of them, and, *second,* it had not consented in writing to such partition as provided by the conveyances of Simmons and Billings to Crawford and Scott, dated June 4, 1870.

Defendants, Maud and Walter Billings, were minors, and appeared by guardian *ad litem,* and Cook's representatives made default.

Upon these facts the court refused partition of the lands, and the plaintiff appealed. No instructions were asked or given.

I. One tenant in common cannot maintain an action for partition against his cotenant where he has been disseized. *Wommack v. Whitmore,* 58 Mo. 448.

While it is conceded that the Missouri Iron Company is in the actual possession of the lands, partition of which is sought in this case, we do not think such possession is adverse to plaintiff's interest in them; nor does it amount to an ouster of plaintiff. Three distinct interests in the lands are created by the conveyances and deed of lease: *First.* All the parties

are seized of the lands in fee as tenants in common, subject to the mining right of the Missouri Iron Company. *Second.* The Missouri Iron Company owns in severalty the right to mine the iron ore on and in said lands, and this right is sole and perpetual. *Third.* Plaintiff Cook's representatives and Maud and Walter Billings are owners in common in perpetuity of the royalties to be paid under the provisions of the deed of lease. The possession of this property held by the Missouri Iron Company is under the deed of lease, and is not, therefore, antagonistic or adverse to but consistent with the interests of the other parties therein.

II. The real controversy here turns upon the construction and effect to be given the stipulation against the institution of partition proceedings without the written consent of all the parties, contained in the conveyances of Simmons and Billings to Crawford and Scott, dated June 4, 1870. The iron company insists that it is valid and binding, while plaintiff, on the other hand, claims that it is an unreasonable restraint upon the alienation of the property and upon the right of each party to have partition and the use and enjoyment of his interest in severalty, and, therefore, void.

Plaintiff concedes in his argument in this court that the mining right is not joint property, but is held in severalty by said company, and, hence, is not the subject of partition, and this seems to be the theory of his petition. We will, therefore, take it for granted, that plaintiff seeks partition or sale of the lands, subject to such mining right.

This brings us to the discussion of the question: Does the stipulation against the institution of proceedings for the partition of these lands without the written consent of all the parties preclude plaintiff from main-

taining this action?   It must be noted at the threshold
of this inquiry that the stipulation in question is not a
restraint upon the alienation of the lands.   The several
owners are left free to dispose of their interests in any
manner they see proper.   The only restraint is upon
the right of severing the interest of one owner from the
others by a proceeding *in invitum*.   Is this restraint
unreasonable, and void because unreasonable?   This
stipulation is a perpetual inhibition of partition, the
language being that neither the parties, nor *their heirs*
or *assigns* shall *ever* institute proceedings for partition
without the written consent of all the parties.

The civil law refused to enforce agreements per-
petually waiving the right of partition.   Domat says:
"It is always free for every one of those who have any-
thing in common among them to divide it; and,
although they may agree to put off the partition to a
certain time, yet they can make no such agreement as
never to come to a partition.   For it would be contrary
to good manners that the proprietors be forced to have
always an occasion of falling out, by reason of the
undivided possession of a common thing."   Domat's
Civil Law by Strahan, part 1, b. 2, title 5, sec. 11, par. 9.

And Mr. Freeman in his work on cotenancy and
partition, section 442, maintains that this is the rule
in England and the United States.   Restraints and
fetters upon the alienation and enjoyment of property
are opposed to the common law and especially to the
jurisprudence of to-day, which in the United States, at
least, has almost wholly lost the spirit and genius of the
feudal system and feudal tenures.   9 A. L. Reg.
(N. S.) 393, 457.   Primogeniture and estates tail with
all their incidents find but little favor in the laws of
this century.

The right of partition is an absolute right which
yields to no consideration of hardship or inconvenience.

Freeman on Cotenancy & Partition, sec. 443. Anything that militates against this right is repugnant to the essential characteristics of cotenancy. *Mitchell v. Starbuck,* 10 Mass. 11. And the tendency of our times is to greater freedom of sale and transfer of property unfettered by conditions or limitation of the right of alienation.

In the case at bar, if the right of involuntary partition of these lands does not exist now, it will not exist five hundred or one thousand years hence. In time, by the sale and descent of undivided interests, the owners would become so numerous, and the interests so small that the estate would be almost, if not wholly, valueless. Here is a tract of land containing two hundred and eighty acres, which may be suited to agricultural and various other purposes, and the joint owners may want to have their interests set off so that they can utilize them for such purposes. The partition in kind or sale under partition proceedings of these lands subject to the mining right, instead of being detrimental, would be beneficial to the owner of that right for it is more difficult and unsatisfactory to deal with many than one. The many can exercise control over the lands subject to the mining right, and that is all one owner could do. Hence, there is no reason why the title to the property, subject to this right, should not be vested in one person, but many reasons why it should be so vested, and we hold that the stipulation in question as applied to the title to these lands, subject to said mining right, is an unreasonable restraint of their enjoyment and use, and, therefore, void.

The judgment is reversed, and the cause remanded with directions to the circuit court to decree that partition of the lands be made subject to said mining right, and, if this interest in the lands cannot be divided in kind without great prejudice to the owners, that it be

sold as provided by statute. The decree of partition must also specifically reserve the right to the royalties on the iron ore to be paid under the provisions of the deed of lease to plaintiff, Cook's representatives and Maud and Walter Billings, their heirs and assigns, forever. This right is also subject of partition, but said company having no interest in it it cannot be disposed of in this proceeding, except by consent of all parties, and then only by a separate sale.    All concur.