# Etnier et al. *v.* Pascoe, Appellant.

*Partition—Parties—Proper party—Necessary party—Tenant for years—Tenant in common—Equity—Amendment—Estoppel—Res adjudicata—Evidence.*

1. A position assumed by a party in the course of legal proceedings, on which either the court or the opposite party has acted, will be binding on the former in future litigation between the same parties, as well as in all later proceedings in the particular case.

2. A tenant for a long term of years of an undivided interest in real estate, may be a proper party to partition proceedings, but he is not a necessary party in the sense that a failure to join him will defeat the action.

3. Under such circumstances, however, he has a right to be heard in relation to the partition, if he so desires, for the reason that his tenancy would be determined if the property was allotted to some one else than his lessors, or was sold under a decree of the court.

4. It is otherwise, however, where the tenant claims to be lessee of the entire interest, with a right of possession and use paramount to all of the owners in fee; in that event he is not a tenant in common with anybody, and therefore has no interest which can be parted or divided.

5. Where an amendment to a bill in equity recites matters relating to an alleged tenant, and he is served with a copy of it, but is not required to file an answer, and the case proceeds to a decree which specifies nothing regarding his rights, he is not to be treated as a party to the proceeding, and is not affected by the decree.

6. While tenants in common may, upon a proper consideration, enter into an agreement not contrary to law or public policy, to postpone partition of the land held in common for such time as they may think proper, the intention so to do must clearly appear.

Argued September 28, 1922. Appeal, No. 123, Oct. T., 1922, by defendant, from decree of C. P. Cambria Co., March T., 1918, No. 2, on bill in equity, in case of Clarence B. Etnier et al. v. W. L. Pascoe, executor and trustee under will of Adie A. Stevens, deceased, et al. Before MOSCHZISKER, C. J., FRAZER, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Bill in equity for partition. Before BERKEY, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Decree for plaintiff. Defendant appealed.

*Error assigned,* inter alia, was decree, quoting it.

*Wm. L. Pascoe,* of *Pascoe & Pascoe,* with him *Chas. S. Evans,* for appellant.—The Sugar Run Coal Mining Company is in possession of the premises, operating the coal mine opened thereon, under a lease from the parties to this proceeding, and it is a necessary party to the suit, and, without its joinder and service as a party, the court has no jurisdiction to decree partition: Monessen Boro. v. Water Co., 243 Pa. 53; Caveny v. Curtis, 257 Pa. 575; Alexander's App., 20 W. N. C. 283; Phila. v. R. R., 133 Pa. 134.

There was a waiver: Beilstein v. Beilstein, 194 Pa. 152.

*P. N. Shettig* and *W. I. Woodcock,* for appellee.— Through the court's misconception of the facts and of the nature of the adjustment and settlement which was prayed for by plaintiffs, such findings and conclusions as are contained in his opinion relative to "accounting" are not responsive to the prayer for relief contained in plaintiffs' bill and cannot be considered for any purpose: Horton's App., 13 Pa. 67; Luther v. Luther, 216 Pa. 1.

The present proceedings can be gone through with to a conclusion without in anywise affecting the rights of the Sugar Run Company, and without even inquiring into what those rights may be, as that company is at the most but the tenant or lessee of one or both of the parties owning the fee simple estate in the lands in suit.

Such contracts as the one under consideration are mere leases of the coal in place, leaving it real estate in the hands of the lessors, subject to the lien of judgments and mortgages, transferable by deed, and, by the same reason, subject to partition among said lessors or tenants of the fee simple estate: Dennison v. Haddock, 200 Pa.

246; Coolbaugh v. Coal Co., 213 Pa. 28; Gallagher v. Hicks, 216 Pa. 243.

OPINION BY MR. JUSTICE SIMPSON, January 3, 1923:

Plaintiffs, as devisees of John S. Morrison, and defendant, as executor and trustee of the estate of Adie A. Stevens, deceased, were tenants in common of certain real estate; the former filed this bill in equity for partition thereof, but not, as apparently the court below mistakingly thought at the time it filed its adjudication, for an accounting of the income therefrom also. The decree awards partition, but says nothing on the subject of an accounting; defendant alone appeals.

The statement of questions involved, which limits the matters to be considered by this court, (Garvey v. Thompson, 268 Pa. 353), as appellant recognizes in his argument, proposes only four questions: (1) "Where accounting is denied, should not such finding be included in decree of court?" Possibly this was not done because on reflection it was clear the bill did not pray for such an accounting as the court below first thought, and appellant seems still to think, was desired. After reciting certain agreements between plaintiffs and defendant's testator, dated May 18, 1893, and July 9, 1895,— more specifically referred to in considering the last claim made by appellant,—the bill avers that the sum of $25,-072.89 is shown thereby to be "a charge [on the lands] in favor of [appellees as] said John S. Morrison's heirs, for moneys advanced by him and them on said lands," and then prays only that "a just and equitable settlement and adjustment be had of the moneys due the plaintiff herein; and that the same may be decreed to be secured in and paid out of the said lands on a just and equitable basis." No accounting is sought; in this court plaintiffs expressly disclaim all right thereto (a disavowal binding on them in the present and all future proceedings: Garber v. Doersom, 117 Pa. 162; Donnelly v. Public Service Commission, 268 Pa. 345, 350; 16 Cyc. 796, 799), but,

as shown above, ask only a "settlement and adjustment" of the amount specified in those agreements, which both sides admit are binding and the item of $25,072.89 as yet unpaid to plaintiffs; appellants so averring as a reason why the court below erred in awarding partition, and appellees as a reason why that balance should be decreed as a charge on the lands. Under such circumstances there was no occasion for inserting in the decree a provision denying the right to an account.

(2 and 3) Appellant claims that the bill should be dismissed for want of proper parties, because the Sugar Run Coal Mining Company was not joined in the proceedings, it being a lessee of the lands, under a lease made by Mr. Stevens only, after the death of Mr. Morrison, but which it is alleged plaintiffs are estopped from repudiating. This contention we cannot sustain. While under some circumstances a tenant for a long term of years may be a proper party to partition proceedings, he is not a necessary party in the sense that a failure to join him will defeat the action: Duke v. Hague, 107 Pa. 57. If, as appellant avers, the lease is binding on all the owners, the partition is in effect of the estate in remainder; the tenant, being in possession of the entire property under a claim of exclusive right thereto, is not a tenant in common with anybody, and hence its interest cannot be parted or divided: Sieders v. Giles, 141 Pa. 93, 95; 30 Cyc. 179. So far as it is concerned, everybody must take notice of its rights, which, if assailed, can be asserted or defended in a proceeding to which it is a party.

The necessary logic of appellant's claim is that all the tenants of land are necessary parties to its partition, though their rights are in no way affected by it, and they have no standing to say or do anything in regard to the litigation. This of course cannot be so. Where a tenant's claim affects only some of the owners, as in Duke v. Hague, supra, he may, if he has a long term, have a real interest in the proceedings; for his tenancy would

be determined if the property was allotted to some one else than his lessors, or was sold by decree of court: Caveny v. Curtis, 257 Pa. 575. It is otherwise, however, where, as here, appellant and the lessee both claim the latter has an indefeasible right in the entire property, paramount to the interest of both plaintiffs and defendant.

We have not overlooked the fact, to which appellees call our attention, that an amendment was filed to the bill (after the testimony was closed), reciting the lease to the Mining Company, which was served with a copy thereof; but this did not make it a party to the proceedings, nor did appellees ask it to be made such; it did not file an answer and no judgment pro confesso was taken against it; under such circumstances its rights are not affected (Richards v. Rote, 68 Pa. 248; Perrine v. Kohr, 205 Pa. 602), especially as plaintiffs have not appealed from the action of the court in so deciding.

The final contention, which appellant says "is the vital question in the case," is that the agreements of May 18, 1893, and July 9, 1895, between plaintiffs and defendant's testator, hereinbefore referred to, "constitute a method of partition, in effect, which amounts to a waiver of partition." These agreements, after reciting certain indebtedness of all the parties, growing out of their joint ownership, and that there was "advanced by John S. Morrison in his lifetime on account of the purchase and improvement of the lands [the sum of $25,072.89, stipulate]......that the royalties from the coal mines [on the properties] and any income derived from said lands" shall be applied to the payment of the outside indebtedness and, after this is satisfied, "one-third [shall be paid] to the Morrison heirs in liquidation of the sum of $25,072.89; one-third to A. A. Stevens as profit, and one-third to the Morrison heirs as profit, [and after the sum of $25,072.89 is liquidated] one-half [shall be paid] to the Morrison heirs, and one-half to A. A. Stevens." The agreements do not specify the length of time they

are to continue in force, and relate, not to the properties themselves, but only to "the royalties from the coal mines" and the "income derived from said lands." If the parties had meant the properties should be held undivided until all the debts, including the $25,072.89, had been paid, it would have been easy to have said so; that they did not say so, is potent evidence this was not their intention.

It is true that owners may agree to postpone the time for a division of any land held in common, if their agreement does not violate any law or public policy; but as this would pro tanto prevent free alienation, which is a favorite policy of this Commonwealth, the intention so to do must be clearly made to appear. Here it is not. On the contrary, all that is specified in the agreements will be fully met by simply treating them as stipulating for the distribution of the royalties and income so long as the properties are held in common. Indeed, if appellant's contention is given its logical effect, the agreements provide for an illegal perpetuity; for they specify, that, after the $25,072.89 is paid, an equal division of the income shall be made between plaintiffs and defendant, without limitation of time, exactly as they do for the payment of the outside indebtedness and thereafter for a division into thirds, one thereof to be applied on account of the $25,072.89.

It will probably not be difficult, on final hearing, to adjust the rights of the parties in regard to this liability of defendant's share; but, since the relevant facts then proven may be different, in some respects, from those which now appear, we abstain from expressing a conclusion as to the best method for so doing.

The decree of the court below is affirmed and the appeal is dismissed at the cost of appellant.