## DAVIS et al. v. DAVIS.

No. 4053.

Court of Civil Appeals of Texas. Texarkana. Nov. 26, 1931.

Cunningham & Lipscomb, of Bonham, for appellants.

Couch & Couch and A. L. McRae, all of Bonham, for appellee.

LEVY, J. (after stating the case as above).

The appellants urge the point of error in not sustaining their plea of waiver of, and of estoppel against, the right to partition at the suit of the plaintiff, predicated upon the unaltered and existing written agreement executed by all the heirs on December 16, 1925. The point presents the important and fundamental question arising in the suit. According to the written agreement, signed by all the heirs to the property, and executed by them in lieu of administration proceedings in the probate court, two of the heirs, specially named, were appointed and authorized to take possession of all the property, real and personal, of which they were heirs under Charles Davis and wife, both deceased, with the aim and purpose of having them in the meanwhile manage, control, and rent the property, and to sell such of the property as deemed best, and to distribute the proceeds of rent and sale among all the heirs, and afterwards, at such time as in their discretion it was deemed best to be done, to finally partition the land among the heirs. By the language of the instrument, the "absolute control of all the property" was given over to the two specially named and appointed heirs, and they were expressly clothed with both "the unconditional right to dispose of and to sell any or all of said property," and with the exclusive authority "to finally partition the same among the owners thereof at such time as in their judgment may be proper." The provision further appeared that the use and occupancy of the homestead by Effie Davis and R. C. Davis was to be continued and permitted "free of costs to them" for "such time and under such conditions as may be satisfactory or seem proper to said attorneys."

It is believed the instrument partakes of the nature and qualities of a trust imposing the duties upon the two specially appointed heirs to finally make partition of the land, of which the legal title is held by all the heirs, and to make distribution of the property, in kind or from the proceeds of the sale of the land, according to the shares of each heir. 3 Pomeroy Eq. Jur. § 1002; 3 Story Eq. Jur. (14th Ed.) § 1427. The two appointed heirs had an interest in the property, and the power conferred to sell and to make partition of the land was not a mere naked power. The intention was to have the two appointed heirs take over the property itself, and, if deemed necessary themselves, to make conveyance of it, as empowered to do, and divide the proceeds thereof. Clearly the parties were competent to make the agreement and create the powers con-

ferred upon the two selected as trustees or attorneys. Being founded upon a good consideration, the agreement could not be revoked at will by the act alone of any one of the heirs, and the right to partition at the suit of one heir alone would not come into existence until the power given to the trustees or attorneys was gone. For such agreement, manifestly enforceable as a contract between the heirs, has the legal effect to modify and limit the right of partition during the period specified therein. As laid down in 47 C. J. § 131, page 321, as applicable: "But while the general rule is that the right to partition is absolute, it is nevertheless well settled that co-tenants may validly agree to postpone partition and to hold the property together for a reasonable time, and those joining in the agreement and their successors in interest with notice thereof will be denied partition during the period specified, the agreement acting as an estoppel against the right to partition or as a waiver of such right."

Further in section 131, ibid: "The general rule is well settled that partition will not be granted at the suit of one in violation of his own agreement, the agreement, it is said, operating as an estoppel against the right to partition."

It follows then in this suit of the plaintiff alone that partition would not lie to any part of the land, unless there was shown termination of the agreement by act of all the parties, or circumstances operating to legally terminate the agreement or authorize its enforcement by the remedy of specific performance through the courts. It was shown without dispute that the agreement was existing and unaltered by the parties. Were the circumstances such as legally operated to terminate the agreement? The only circumstance appearing in the evidence was the bare fact that, up to the bringing of the suit, partition of the homestead, the land in suit, had not been made. Looking to the agreement, there appears no fixed date nor time limit at which the land, especially the homestead tract of three lots, was to be partitioned. The agreement clothed the two trustees or attorneys with the discretionary powers, after in the meantime of management, control, and renting, viz., "To finally partition the same among the owners thereof at such time as in their judgment may be proper, and their judgment and discretion in all matters is hereby made absolute and final and all their acts are hereby ratified and confirmed." It is the well-settled rule that the courts will not ordinarily interfere to control the execution of a discretionary power. 49 C. J. § 34, page 1278. Finally, was its enforcement authorized through the courts by the remedy of specific performance? The court can only interfere and afford relief in cases of discretionary power upon evidence of fraud, collusion, or abuse of discretion. 49 C. J. § 131, page 1297. There appears no hint of fraud or collusion on the part of the trustees or attorneys. It was shown that Effie Davis was still using and occupying the homestead, but that fact appears clearly and unquestionably referable to the agreement itself in that respect permitting her to use and occupy the homestead. Her use and occupancy of the homestead was to continue "for such time" as the trustees or attorneys may deem it "proper or satisfactory" or to her best interest for her to use and occupy it. The right of use and occupancy was clearly an estate raised by the agreement, and its duration was left to the discretion of the trustees or attorneys. The provision for the use and occupancy of the homestead by Effie Davis was inseparably connected with the exercise of the power of partition, and the trustees or attorneys in fact exercised their discretion in letting her continue to use and occupy the homestead to date of suit. In such circumstance, can it be considered as an abuse of discretion through delay beyond a reasonable time? Although time does not appear of the essence of the agreement, as the language seems to indicate, yet it may not be supposed that the heirs intended to grant unlimited indulgence or delay in making the partition of the land. It is the settled general rule that, when no date is fixed for the performance of an act, the law usually implies that performance is to be made within a reasonable time. 3 Elliott on Contracts, § 1877. When a reasonable time begins and what is a reasonable time becomes, under the generally accepted rule, a question that must be left to the determination of the jury or the court trying the case, when its determination must depend upon matters put in evidence. In this case, the determination must depend upon matters upon which the trustees or attorneys acted in exercising their discretion to allow Effie Davis to continue to use and occupy the homestead. It may in fact, for aught that appears to the contrary, have been for the need and benefit of Effie Davis to continue to occupy the homestead. If so, the delay of partition was not apparently brought about by an abuse of discretion. The findings of the court imply the conclusion that there was not wrongful exercise of power by the trustees or attorneys, for, as found, "Effie Davis is entitled to a homestead interest in that part of the land and premises known as the old Davis home," and she is "still residing there and that has been her home during all the time." It is concluded that in the bare circumstance appearing, and in the light of the power given in the agreement, it may not be considered, in point of fact or as a pure matter of law, that there was such delay beyond a reasonable time in making the partition as to operate as an abuse of discretion on the part of the trustees or attorneys. In

such situation, the plea of waiver and estoppel would be effective.

 Appellants insist there was error in subjecting their interests to the homestead incumbrance of Effie Davis, and in not likewise subjecting the interest in severalty of plaintiff with such incumbrance. There is not equality of division as required by the statutes. But this form of decree was only entered upon the theory that the defendants so wished it to be done. The agreement signed by Effie Davis to have partition made by the trustees or attorneys has the effect to waive and surrender any pre-existing homestead claim she had in the premises upon the consideration of accomplishing the beneficial things prompting the contract. Her only right to homestead claim arises under the contract whereby she agreed to have a homestead estate in the land of use and occupancy of the same for such time only as the trustees or attorneys in their discretion should allow, before final partition was made. Upon the termination of the agreement, her right to homestead use and occupancy of the land was intended to cease, and as a consequence, the partition would not be burdened, but free of any claim of homestead incumbrance.

The judgment is reversed, and the cause remanded.