**Mary Ann SPIRES, Appellant,**

v.

**Kenneth Leon HOOVER, Appellee.**

**No. 6133.**

Court of Civil Appeals of Texas,
El Paso.

April 14, 1971.

Rehearing Denied May 5, 1971.

Lee Chagra, El Paso, for appellant.

Collins, Langford & Pine, Robert S. Pine, Odell S. Holmes, Jr., El Paso, for appellee.

## OPINION

RAMSEY, Chief Justice.

This is a suit for the partition of real estate brought by appellant against appellee. The trial court, sitting without a jury, and based on stipulations of the parties, denied the partition. We reverse and remand.

The parties have title jointly to real estate described as Tracts 27 and 28 of the J. M. Jett Survey No. 155 in the City of El Paso, Texas, which said property was acquired by a deed to them. Some two weeks after acquiring the property, the parties entered into what they term a "joint tenancy agreement". About a year later appellant brought this suit to partition the property, and appellee defended on the premise that the joint tenancy agreement

was a partition, or, in the alternative, that appellant, by such agreement, had contracted away her right to partition.

The agreement recites that the parties are joint owners of the described property, and that in accordance with the provisions of Section 46 of the Texas Probate Code, they desire to provide between themselves, their heirs, devisees, legatees, executors, administrators and personal representatives, that the interest of either joint owner who dies will survive to the surviving joint owner and will not descend to the heirs or legal representatives of such deceased joint owner. A consideration is then expressed, followed by the recitation that they do agree and contract as follows:

1. Upon the death of either of us, the interest of the joint owner who dies will survive to the surviving joint owner and will not descend to, or be vested in, the heirs, devisees or legal representatives of such deceased joint owner.

"2. We shall henceforth hold and own the real property above described in the same manner as joint tenants with right of survivorship as at common law.

"3. This agreement and contract shall be forever binding upon us and our respective heirs, legatees, devisees, executors, administrators and personal representatives."

This type of agreement is permitted by Section 46 of the Texas Probate Code, V.A.T.S. The right of survivorship existed at common law, but by Section 46 (formerly Article 2580, Vernon's Ann.C.S.), survivorship was abolished, but it is provided by such Section 46 that joint owners, by agreement in writing, may provide that the interest of any joint owner who dies may be made to survive to the surviving joint owner or owners.

As a general proposition, the law in this country favors partition, and both the civil and common law supported the proposition that no one should be compelled to hold property in common with another. 40 Am. Jur. § 4, p. 5.

Under Article 6082, Vernon's Ann. C.S., and the decided cases, the right to partition between joint owners is absolute. But this right can be waived or contracted away. Davis v. Davis, Tex.Civ.App., 44 S.W.2d 447, (n. w. h.), quoting from 47 C.J. § 131, p. 321:

"'But while the general rule is that the right to partition is absolute, it is nevertheless well settled that co-tenants may validly agree to postpone partition and to hold the property together for a reasonable time, and those joining in the agreement and their successors in interest with notice thereof will be denied partition during the period specified, the agreement acting as an estoppel against the right to partition or as a waiver of such right. * * *'

"Further in section 131, ibid: 'The general rule is well settled that partition will not be granted at the suit of one in violation of his own agreement, the agreement, it is said, operating as an estoppel against the right to partition.'"

In addition to Davis v. Davis, supra, appellee has cited Warner v. Winn, Tex.Civ. App., 191 S.W.2d 747 (ref. n. r. e.), and Elrod v. Foster, Tex.Civ.App., 37 S.W.2d 339 (wr.ref.). These two cases hold, in effect, that an agreement against partition may be implied when the granting of such relief would destroy the estate sought to be partitioned. All three Texas cases cited, however, are clearly distinguishable in that the matter of survivorship is not involved in any of them. In each of the Texas cases cited, the express or implied agreement against partition was to accomplish a particular purpose. Rights of heirship would not be impaired. Survivorship is the principal distinguishing characteristic of joint tenancy at common law. Moynihan on Real Property, p. 130.

The authorities are consistent in denying partition when to do so would abro-

gate contractual rights. 44 Tex.Jur.2d § 5, p. 251; 132 A.L.R. 666. Such is not the situation here. Partition of lands means a division according to quantity and value. Zanderson v. Sullivan, 91 Tex. 499, 44 S.W. 484 (1898). There is no estate or contractual interest involved to be increased or diminished. The partitioning court can adjust the equities.

■ The citation quoted from 47 C.J. § 131, p. 321, supra, recognizes that co-tenants may agree to postpone partition for a "reasonable" time. "Reasonableness" will depend on the purpose for which the agreement is made. 132 A.L.R. 670-673. If, for the sake of argument, we were to assume an implied agreement in this case not to partition, there is no time limit imposed, either express or implied.

"Conversely, agreements for the perpetual forbearance of a suit for partition are contrary to the policy of the law which maintains the right of partition as an absolute right. Smith v. Brasseale (1925) 213 Ala. 387, 105 So. 199; Etnier v. Pascoe (1923) 275 Pa. 308, 119 A. 406."

See, also, Roberts v. Jones (1940), 307 Mass. 504, 30 N.E.2d 392; 40 Am.Jur. § 5, p. 6; Haeussler v. Missouri Iron Co., 110 Mo. 188, 19 S.W. 75.

■ Appellant sought partitioning under the provisions of Art. 6082, V.A.C.S. This was stipulated by both parties. Even though appellant alleged that the partitioning should be by sale, such is not binding on the court, and a partitioning in kind may be decreed. Moore v. Blagge, 91 Tex. 151, 38 S.W. 979 (1897).

■ Contrary to the law in this country, at common law joint tenancy with rights of survivorship was favored. 20 Am.Jur.2d § 11, p. 102. All four elements for a valid joint tenancy are present here; they being, unities of interest, title, time and possession. The right of partition of a joint tenancy has been available since 1539 and is recognized as one of several methods of

terminating the joint estate. 64 A.L.R.2d §§ 26 and 28, pp. 954-956; Moynihan on Real Property, pp. 131-132.

■ The agreement, by its own wording, provides nothing more nor less than that the property was to be held and owned by the parties as "joint tenants with right of survivorship as at common law", and should be so construed.

We conclude, based on the foregoing, that the judgment of the trial court should be reversed and the cause remanded.

PRESLAR, Justice (dissenting).

I respectfully dissent, and would affirm the judgment of the learned trial judge.

There is no contention that appellant was induced to contract by fraud, over-reaching, undue influence, or other excuse recognized by the law to escape contractual obligations. There is no hint of any wrong in the inducement or execution of the contract. There is no attempt to avoid the contract. So long as the contract stands, appellant is bound by it, and under it she has contracted away her right to partition.

As noted by the majority, the authorities are consistent in denying partition when to do so would abrogate contractual rights. 44 Tex.Jur.2d § 5, p. 251; 132 A.L.R. 666. That, says the majority, has no application here because there is no estate or contractual interest involved to be increased or diminished. Not so, for the estate created in the appellee by the agreement was that, henceforth, he would "hold and own" the property with appellant as a joint tenant; and that upon the death of appellant he would get her share of the property. The relief sought by the plaintiff-appellant was to have the property sold and the proceeds divided. This clearly diminishes the estate of the appellee and certainly diminishes his contractual interest. The "contractual interest" or rights conferred by the agreement are that the survivor will get the other party's interest upon the death of such party, and that thenceforth, from the mak-

ing of such agreement the parties will hold and own the property as joint tenants. Those rights established by the contract are, to say the least, "diminished" by sale of the property. That is an abrogation of contractual rights and is contrary to the above-cited law. It is also contrary to the law as enunciated in Warner v. Winn, Tex. Civ.App., 191 S.W.2d 747 (ref. n. r. e.), and Elrod v. Foster, Tex.Civ.App., 37 S.W. 2d 339, (wr. ref.), that an agreement against partition will be implied when a granting of such relief would destroy the estate sought to be partitioned. The agreement before us does not expressly provide against partition, but the relief sought is in contravention of the terms of the agreement, so that the implication is that the agreement is against the form of partition sought. As noted by the majority, the law is well settled that partition will not be granted at the suit of one in violation of his own agreement, the agreement it is said, operating as an estoppel against the right to partition. From their correct quotation of the law from Davis v. Davis (supra), the majority takes off on a tangent as to the meaning of "reasonable time". In doing so, they ignore a subsequent statement from the quotation that partition will be denied during the period specified by agreement of the parties. In the case before us, partition is sought during the period specified by the agreement of the parties. The period specified was during the lifetime of both. The record does not give us evidence to determine if that was "reasonable", for it is silent as to their ages, life expectancies, and state of health. They may have contracted knowing or expecting that their days were numbered. We should not speculate otherwise as a grounds for reversal.

The majority opinion recognizes that a sale of the property would be subject to the propositions advanced in this dissent. The effect of a sale under the law enunciated is not discussed and not determined. Rather, the position is taken that even though partition by sale is the relief sought, such is not binding on the court, "and a par-

titioning in kind may be decreed". That is the decided case law, but if the remand is for the purpose of allowing partition in kind, that is for relief not wanted by the plaintiff-appellant. She specifically alleged that the property was not subject to partition in kind, her prayer at the conclusion of her pleading asking only that the court order the property sold and the proceeds divided. Rule 434, T.R.C.P., provides, in part:

"Provided, first, that no judgment shall be reversed on appeal and a new trial ordered in any cause on the ground that the trial court has committed an error of law in the course of the trial, unless the appellate court shall be of the opinion that the error complained of amounted to such a *denial of the rights of the appellant* as was reasonably calculated to cause and probably did cause the rendition of an improper judgment * * *." (Emphasis mine).

Query: Is the denial of a right not wanted reversible error?

I would affirm the judgment of the trial court.