**In the Matter of the MARRIAGE OF Terry Lee BROWN and Emma Louise Brown.**

**No. 07–93–0141–CV.**

Court of Appeals of Texas, Amarillo.

Dec. 27, 1993.

Rehearing Overruled Feb. 4, 1994.

---

Buckner, Lara & Swindell, L.L.P., Adair M. Buckner and Grahame H. Copplestone, Amarillo, for appellant.

Sanders, Baker & Jesko, P.C., Robert R. Sanders and Quintin Cassady, Amarillo, for appellee.

Before REYNOLDS, C.J., and BOYD and POFF, JJ.

REYNOLDS, Chief Justice.

Terry Lee Brown perfected this appeal from the dismissal of his motion seeking the enforcement of the decree of divorce terminating his marriage to Emma Louise Brown, and his action for damages against her for breach of their agreement incident to divorce. Terry contends the trial court erred in allowing Emma to amend her answer to raise the defense of res judicata, in failing to adjudicate his rights under Texas law, and in dismissing his motion on the basis of res judicata. Disagreeing, we will affirm.

The marriage of Terry and Emma was terminated by a final decree of divorce rendered on March 11, 1986, which included the court's approval and incorporation of an agreement incident to divorce executed by Terry and Emma during the pendency of the divorce action. As material to the present litigation, the terms of the agreement provided that each retained his or her separate properties identified by attached schedules, that their community estate was divided between them as listed on attached schedules, and that, as expressed in paragraph VI:

> As a part of the division of the estate of the parties, any community property or its value not otherwise awarded by this agreement shall be owned in equal undivided interests by the parties and any community liability not expressly assumed by a party under this agreement will be paid solely by the party responsible for such liability except in the event as hereinabove provided in paragraph 5 wherein the Respondent and/or the Petitioner consent to liability in which case such liability will be considered a joint liability and will be paid equally by the parties.

An attached schedule identified the community property not awarded to a party under the agreement as:

1. S/2 NE/4 of Section 12–T19N–R8W, Kingfisher County, Oklahoma.

2. Lots 1 and 2 and the S/2 NE/4 of Section 2–T19N–R7W, Kingfisher County, Oklahoma.

3. SW/4 SW/4 of Section 3–T19N–R8W, Kingfisher County, Oklahoma.

4. 79.3 acres out of Block B–5, H & GN Ry. Co. Survey, Randall County, Texas (⅔ interest). More particularly described in Deed of Trust recorded in Volume 301 at Page 390 of the records of Randall County, Texas.

5. NE/4, Section 9–T19N–R8W, Kingfisher County, Oklahoma.

The parties further provided that "[t]his agreement shall be governed by and shall be construed in accordance with the laws of the State of Texas," and that "[r]easonable attorney's fees and expenses of a party incurred in successfully prosecuting or defending a suit under this agreement against the other party will be recoverable by the successful party in such action."

Prior to the divorce in 1979, Terry, Emma, and Kenneth Brown had formed a partnership for farming the Oklahoma land, two tracts of which, scheduled as nos. 1 and 2 above, were mortgaged to Farm Credit Bank of Wichita as security for loans. Subsequent to the divorce, on August 9, 1991, Emma petitioned the district court of Kingfisher County, Oklahoma, to partition the four tracts of Oklahoma land, as well as the cattle and equipment owned by the parties.

While the Oklahoma cause was pending, the parties reached an agreement with respect to the disposition of the personalty associated with the farming operation, later announcing the agreement to the court. One tract of land, scheduled as no. 3 above, was removed from the partition proceeding when Emma gave Terry a quitclaim deed to it in exchange for her right to possession and use of another tract of land pending dissolution of the partnership.

When, on July 20, 1992, the partition cause came on for a hearing on Emma's motion for summary judgment, Emma introduced without objection the March 11, 1986 divorce decree. Once the divorce decree was accepted into evidence, Terry, asserting it was entitled to full faith and credit, moved for a dismissal for the reason that it was res judicata of the partition action. The court overruled the motion. Emma argued for partition with a sale to free the land from debt; Terry, conceding Emma's right to partition, argued for a partition in kind. The court,

stating that a partition in kind would work a manifest hardship on one party or the other, announced it would order the property be sold in partition.

Then, the court heard evidence of expenses Terry claimed for travel, labor, and attorney's fees charged him by Farm Credit Services in connection with the partition proceeding. By its order signed on July 27, 1992, the court allowed Terry for his claimed expenses only one-half, or $319.08, of the attorney's fees.

Afterwards, on September 23, 1992, the court signed its judgment. Finding that Emma was entitled to have the three tracts, scheduled as nos. 1, 2 and 5 above, partitioned, and that the tracts cannot be partitioned in kind because of the debt Terry and Emma owed to the Farm Credit Bank of Wichita, the court ordered the land to be sold and the Bank's mortgage was to attach to the proceeds.

In the interim, on August 19, 1992, Terry appealed from the district court's judgment to the Supreme Court of Oklahoma. An amended petition in error was filed on February 19, 1993.

Before taking the appeal, Terry filed his action underlying this appeal on August 7, 1992. He alleged that Emma had defaulted on her obligations under, and thereby breached, the agreement incident to divorce, specifically by not timely paying her share of the installments due on the loan secured by the Kingfisher property, and by seeking a partition of that property. On October 22, 1992, the day before the cause was set for hearing, Emma filed an amended answer alleging the defense of res judicata based on the Oklahoma proceedings.

Terry moved to strike Emma's amended pleading for the reason that it was untimely filed without leave of court. *See* Tex. R.Civ.P. 63. The court, being informed that Terry did not have the pleadings in the Oklahoma action, and expressing a desire to consider the question of res judicata on a complete record, suggested a continuance, to which Terry acquiesced, adding "we'll be glad to continue the matter until we can fully brief it and develop the facts." The court

then announced that it would grant the oral motion for continuance and would not strike Emma's pleading.

Subsequently, on April 29, 1993, the court heard Emma's plea of res judicata. Being informed by counsel appearing in the Oklahoma proceedings that it probably would be two years before a decision was rendered by the Supreme Court of Oklahoma, the court then sustained Emma's plea of res judicata. By its judgment signed on May 7, 1993, the court decreed that Terry take nothing by his suit.

■■■ In prosecuting his appeal, Terry initially contends the court erred in allowing Emma's amended answer raising the res judicata defense because the requirements for its late filing were not met. The court's allowance of the amendment will not be disturbed unless the record shows a clear abuse of discretion. *Yowell v. Piper Aircraft Corp.*, 703 S.W.2d 630, 634–35 (Tex.1986).

Unquestionably, Emma did not obtain leave of court to file her amended answer the day before the cause was set for trial, as required by rule 63, *supra*, the governing rule. Yet, by operation of the rule, the court had no discretion to refuse the amendment unless it was a surprise to Terry. *Resolution Trust Corp. v. Cook*, 840 S.W.2d 42, 46 (Tex.App.—Amarillo 1992, writ denied). Terry did not specifically claim the amendment was a surprise; however, by filing his motion to strike the amendment for noncompliance with the rule, he invoked the court's consideration of all matters relevant to an appropriate exercise of its discretion, *Hardin v. Hardin*, 597 S.W.2d 347, 349 (Tex.1980), one of which was whether Terry was surprised as a matter of law if there was asserted in the amendment the new and independent defense of res judicata. *Id.* at 353 (Campbell, J., concurring).

It is unnecessary to determine whether Terry was surprised by the amendment as he now claims, or whether he has not shown surprise because, as Emma points out, he had referred to the Oklahoma suit and the court's findings made therein in his pleadings. "The prime purpose of pleadings is to put the adversary on notice of what he must meet and inevitably it follows that such ad-

versary has a right to time to examine them if same are allowed by the court. If on examination the adversary can say justly that he is not ready against such new pleading he should ask for a continuance...." *Vaughan v. John Hancock Mut. Life Ins. Co.*, 61 S.W.2d 189, 190 (Tex.Civ.App.—Fort Worth 1933, writ ref'd).

When the issue of the late filed amended answer was joined, the court, apparently feeling that "[i]t may be as unfair to one to strike the amendment as it is to the other to force him to an immediate trial," and "[t]he remedy fair to both may be a continuance," *Finlayson v. Roberts*, 82 S.W.2d 1020, 1022 (Tex.Civ.App.—Fort Worth 1935, no writ), suggested, and Terry accepted, a continuance for full briefing and development of the facts. At that point, the court declined to strike Emma's amended pleading. The continuance, extending for six months, permitted Terry to meet the amended pleading, thereby curing the lateness of the amended pleading. Given these circumstances, we cannot say the court clearly abused its discretion in allowing Emma's amended pleading. Terry's first point of error is overruled.

■ With his second point, Terry contends the court erred in failing to determine his rights according to Texas law pursuant to the agreement incident to divorce, rather than relying on Oklahoma law to sustain the res judicata defense. His theory is that under the agreement, he and Emma agreed to own equal undivided interests in, and be equally responsible for debts owed on, certain community properties, including the Oklahoma properties; they agreed that Texas law would govern their rights in any dispute over the property or the terms of their agreement; and Emma breached the agreement by filing the Oklahoma partition suit to avoid her contractual obligations, which she could not do under Texas law. He argues that the Oklahoma court's decision should not have precluded the trial court's determination whether Emma's actions in seeking and securing the partition, and requiring a forced sale of the property to free her from the debt she had agreed to pay, were a breach of their agreement, for which he should be entitled to

recover damages. We are not persuaded that the court failed to determine Terry's rights under Texas law.

The foundation for Terry's theory is that by signing the agreement incident to divorce, Emma foreclosed her right to seek a partition of the Oklahoma property, apparently forever. If so, it is by virtue of the agreement, for otherwise:

> A joint owner or claimant of real property or an interest in real property or a joint owner of personal property may compel a partition of the interest or the property among the joint owners or claimants under this chapter and the Texas Rules of Civil Procedure.

Tex.Prop.Code Ann. § 23.001 (Vernon 1984). Then, if the statutory right to partition is to be defeated, it is because an examination of the agreement reveals that Terry and Emma expressly or impliedly contracted against partition; but, if they did not, the right to partition is absolute. *Warner v. Winn*, 191 S.W.2d 747, 751 (Tex.Civ.App.—San Antonio 1945, writ ref'd n.r.e.).

As material to the issue, the agreement merely provided that "any community property or its value not otherwise awarded by this agreement shall be owned in equal undivided interests by the parties." Obviously, the parties' right to partition is not expressly waived by the language in the agreement, and the language used does not imply an agreement against partition to accomplish a particular purpose. To imply from the agreement's equal ownership provision, for which no time limit is imposed, an agreement not to partition would result in a perpetual bar to partition, a result contrary to the policy of the law to maintain the right to partition as an absolute right. *Spires v. Hoover*, 466 S.W.2d 344, 347 (Tex.Civ.App.—El Paso 1971, writ ref'd n.r.e.). It follows that the agreement incident to divorce provided only that the subject property "shall be owned in equal undivided interests by the parties," and should be so construed. *Id.*

In the absence of findings of fact and conclusions of law, the judgment of the trial court implies all necessary fact findings in support of the judgment. *In the Interest of W.E.R.*, 669 S.W.2d 716, 717 (Tex.1984).

Conformably, it is presumed the court determined Terry's rights under the agreement incident to divorce according to Texas law, and found that Emma's seeking a partition of the Oklahoma property was not a breach of the agreement, which did not curtail her absolute right to partition. Terry's second point of error is overruled.

With his third point, Terry contends the court erred in dismissing his motion based on the res judicata defense. He submits that for a number of reasons, the legal requirements for application of the defense were not met.

■ Initially, Terry asserts that because of the pending appeal, the Oklahoma judgment is not a final judgment, which is required to support the res judicata defense. The assertion is not well-founded, because the rule upon which he relies, established in 1893, was overruled in *Scurlock Oil Co. v. Smithwick*, 724 S.W.2d 1 (Tex.1986), and in lieu thereof, the Court held that "a judgment is final for the purposes of issue and claim preclusion 'despite the taking of an appeal unless what is called an appeal actually consists of a trial de novo.'" *Id.* at 6.

■ Next, Terry represents that the essential legal elements for res judicata application were not met. The elements he offers are identity of parties, identity of issues, identity of subject matter, and identity of relief sought and cause of action.

With respect to the lack of identity of parties, presented in connection with his argument that his claims in this cause were not compulsory counterclaims to Emma's Oklahoma partition suit, Terry notes that this cause is between Emma and him while the Oklahoma suit had thirteen other party defendants. Since Terry and Emma are adversary parties both in this cause and in the Oklahoma suit, there is an identity of parties, and the fact that there were other parties to the Oklahoma suit does not prevent the application of the doctrine of res judicata. *State v. Swift & Co.*, 187 S.W.2d 127, 137–38 (Tex.Civ.App.—Austin 1945, writ ref'd).

Nevertheless, the identity of parties is a prerequisite to the concurrence of the identi-

ties of issues, subject matter, relief sought, and cause of action, the showing of which Terry disputes, for the Oklahoma suit to bar the present cause. It is Terry's primary premise that, in essence, the identities were not shown because the Oklahoma suit involved the question whether Oklahoma law would allow the partition sought, but this cause involved the questions whether the divorce decree would be enforced to retain the property in undivided interests, or would allow recovery of damages for breach of the agreement incident to divorce.

The genesis of the Oklahoma suit and the present action is the agreement incident to divorce, a transaction which gave rise to both causes and is material to a resolution of the question of res judicata. *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 631 (Tex.1992). The transaction produced an inherent interrelation between the facts of the two causes: In the Oklahoma suit, Emma alleged her right to partition and relied on the agreement to establish her ownership interest in the property, and Terry relied on the agreement as a res judicata bar to her right to partition; in the present cause, Terry sought to enforce the divorce decree as a foreclosure of Emma's right to partition and to hold her liable in damages for her breach of their agreement, which Emma denied and offered the Oklahoma judgment as a bar to Terry's action.

The interrelation of the facts between the two causes renders it unnecessary to address the questions of identities separately. This obtains because although there may be a technical distinction between an action seeking partition and one for an alleged breach of the agreement in seeking the partition, the subject matter, issues, and the relief sought in both actions were the same. In the Oklahoma suit, Emma's right to partition, albeit challenged by Terry under the agreement incident to divorce, was confirmed and Terry's claims for labor, expenses, and attorney's fees were determined; in the present action, Terry again challenged Emma's right to partition under the agreement and claimed for damages resulting from the partition, but the court, sustaining Emma's res judicata plea, impliedly found that Emma's right to partition was not foreclosed by the agreement incident to divorce, thereby negating Terry's claims of damages for her breach of the agreement because she sought the partition.

In brief, both causes of action tested Emma's right to partition under the agreement incident to divorce and Terry's right to recover expenses associated with her partition effort. The two matters were actually tried in the Oklahoma suit, and they cannot be relitigated in the present action, regardless of its form, *Mayfield Co. v. Rushing*, 133 Tex. 120, 127 S.W.2d 185, 187 (1939), because the rule of res judicata bars their relitigation. *Ogletree v. Crates*, 363 S.W.2d 431, 435 (Tex. 1963).

Notwithstanding, Terry represents that his action for breach of their agreement was not a compulsory counterclaim to Emma's partition suit in Oklahoma so as to subject it to the bar of res judicata. However, in the Oklahoma suit he unsuccessfully urged the agreement as a res judicata bar to her right to maintain the Oklahoma suit. Consequently, the matter was litigated, and the rendition of the Oklahoma judgment, considered final for the purpose of Emma's res judicata defense, precludes Terry's relitigation of the matter. *Jones v. Strauss*, 800 S.W.2d 842, 844 (Tex.1990). Terry's third point of error is overruled.

The judgment is affirmed.